WILLIAM H. BOLTON, Plaintiff in Error, *v.* WILLIAM McKINLEY, Defendant in Error.

ERROR TO COOK.

The Circuit Court may set aside a judgment by confession, on motion, during the term at which it was rendered. This exercise of discretion is not matter for review in the Supreme Court.

If the conscience of the court in reference to the exercise of this discretion, is aided by the trial of a feigned issue, and the finding is in favor of vacating the judgment, the case then stands for pleading and trial.

This practice not approved of. Error will not lie to correct the finding under the feigned issue, the judgment thereon not being final.

THIS case is stated in the opinion of the court. The hearing in the Circuit Court was before MANIERRE, Judge.

CLARKSON & TREE, for Plaintiff in Error.

E. VAN BUREN, for Defendant in Error.

WALKER, J. The plaintiff in error obtained a judgment by confession, under a power of attorney, against the defendant in error, at the November term, 1857, of the Cook Circuit Court, for $1,818 and costs. The judgment was confessed upon a note purporting to have been executed by defendant in error to plaintiff in error, for $1,793, and the power of attorney also purported to have been given by him authorizing the confession of judgment at any time after the execution of the note. At the same term of the court defendant entered a motion to stay execution and proceeding under the judgment, and to set the same aside, and to be let in to defend, upon the grounds that the note and power of attorney were not valid and binding, but were void. The court on the motion entered an order staying all pro-

ceedings under the judgment, until the motion to vacate the judgment should be determined, and also ordered that a feigned issue be formed, to try the validity of the note. That issue was formed by filing a declaration and pleas, and the feigned issue thus formed was tried by the court and jury, and resulted in a verdict in favor of the defendant in error. The court thereupon vacated the judgment entered by confession, and quashed the execution issued thereon, from which the plaintiff in error prosecutes this writ, for the reversal of that proceeding.

The only question presented by this record, necessary to be considered, is whether the court below had the power to set aside the judgment by confession, on a motion entered at the same term at which it was rendered. The practice is too well settled to be questioned, that the court has the discretionary power, at any time during the term at which an order in a cause has been entered, whether it be interlocutory or final, to vacate and set it aside, for such cause as may be necessary to promote justice. This is constantly done in cases of judgment by default, and is sometimes done in cases of judgments by confession, and when done, it is held to be discretionary and not subject to review on writ of error or by appeal. The usual practice, and doubtless the better one, is to hear such motions on affidavits, and if the defendant shall satisfy the court that it is probable that he has suffered injustice by the entry of judgment by default or confession, the court should vacate the judgment and let the party in to plead and make his defense. But if the court should hear the motion on verbal testimony or before a jury to try a feigned issue, and should set the judgment aside, no exception can be taken to the proceeding in this court. The object of the evidence, whether by affidavit, deposition, or heard orally in court, is to inform the court of the propriety of setting aside the judgment, and the same end may be attained by either mode. Nor can it be objected that in vacating the judgment, the court acted upon the verdict of the jury on the feigned issue, as it is a matter of judicial discretion, to be exercised by the court as in other cases. And while the practice of forming a feigned issue to try such questions, is believed to be new wherever the common law practice prevails, and should not be encouraged, as tending to delay and greatly increased expense, when such a course is not excepted to by either of the parties we cannot say that the order should for that reason be reversed.

The object of the feigned issue in this case, was not to try the merits of the case in which the judgment had been rendered by confession, but must have been to inform the conscience of the court whether that judgment should be vacated. And on the trial of the issue, the court heard the evidence of both parties,

and also had the verdict of the jury to aid him in determining whether there was a reasonable probability that the judgment by confession had been improperly rendered, and upon the whole evidence and the verdict of the jury, he saw proper to exercise his discretion in vacating the judgment and quashing the execution.    By this order the defendant was let in to plead, as if that judgment had not been entered, and that cause should proceed to trial and judgment as other original causes in the court.

The judgment in this proceeding is not final, and therefore neither an appeal or writ of error will lie from it.    The order entered, only disposed of a motion in the case, as if a judgment by default were set aside on motion and the defendant permitted to interpose his defense.    When this motion was disposed of, it removed the judgment in the case, and opened the way to proceed with the suit on the note to trial and judgment.    And if that trial has not already taken place, nothing is perceived from the record in this case to prevent the parties from still proceeding to such trial.

The judgment of the court below, vacating the judgment and quashing the execution issued upon it, and permitting the defendant to plead to that action, must be affirmed.

*Judgment affirmed.*