## Albert D. Major v. William H. Rand.

1.  COURTS—*Motions to Vacate Judgments.*—The power of the court over its judgments, while confined by the rules of law and by the terms of the statute, to the term at which they are rendered, is yet extended to a subsequent term when a motion to vacate is entered at the judgment term and continued to the subsequent term.

2.  SAME—*Rules of the Circuit Court of Cook County Construed—Notice.*—Rules 11 and 12 of the Circuit Court of Cook County provide as follows: "No motion will be heard or order made in any cause without notice to the opposite party, when an appearance of such party

has been entered, except where a party is in default or when a cause is reached on the call of the calendar. Notice to the opposite party must be in writing, state the motion, designate the judge before whom the same is to be made, and the place of hearing, and be served by delivering a copy to such party or his attorney of record before 4 P. M. of the day preceding the day." This applies to the final disposing of and not to the mere filing or entry of such motion.

3. SAME—*Vacating Judgments Discretionary.*—The action of the trial court, in ruling upon a motion to vacate a judgment by default, is a matter of discretion, and will not be interfered with except when it clearly appears that the discretion has been abused.

**Motion to Vacate Judgment.**—Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

RINAKER, AYERS & RINAKER, attorneys for plaintiff in error.

Even if the trial court had jurisdiction (which we deny) a judgment by default can be vacated only by a motion therefor, interposed in due time and supported by affidavits, setting out facts showing a meritorious defense and a reasonable excuse for not having made that defense in due time. Union Hide and Leather Co. v. Woodley, 75 Ill. 435; Hitchcock v. Herzer, 90 Ill. 543; Mendell v. Kimball et al., 85 Ill. 583; Schultz v. Meiselbar, 144 Ill. 26; Gallagher et al. v. The People, 91 Ill. 590; Andrews v. Campbell, 94 Ill. 577; Constantine v. Wells, 83 Ill. 192: City of East St. Louis v. Thomas, 102 Ill. 453; Telford v. Brinkerhoff, 163 Ill. 439.

RICH & STONE and LEON L. LOEHR, attorneys for defendant in error, contended that every intendment will be indulged in favor and support of the orders and judgments of courts of general jurisdiction when they depend upon the existence of matters of fact, unless their existence is affirmatively denied by the record or bill of exceptions. Iglehart v. Pitcher, 17 Ill. 307; Rich v. Hathaway, 18 Ill. 548; Baldwin v. McClelland, 50 Ill. App. 645.

Every court is the best interpreter of the true intent and meaning of, and the proper construction to be placed upon,

its own special rules of practice; and it would require a *clear* and *strong* case of a violation, or disregard, or misconstruction by the court below of its own rules to justify the interference of an appellate court.    Stanton v. Kinsey, 151 Ill. 301.

Courts during the same term have unlimited control of their orders and judgments, to modify, amend or set them aside; and if set aside, error can not be assigned.    Freeman on Judgments, Sec. 90; Black on Judgments, Sec. 305; Frink v. King, 3 Scam. 144; Stahl v. Webster, 11 Ill. 511; Coughran v. Gutcheus, 18 Ill. 390; Bolton v. McKinley, 22 Ill. 203; Stanton v. Kinsey, 151 Ill. 301; Fergus v. Garden City P. M. & L. Mfg. Co., 71 Ill. 51.

A motion to vacate a judgment entered during the term may be continued to a subsequent term and then determined; and an order vacating the judgment entered upon the hearing of such motion " stands upon the same footing as if it had been entered during the term at which the judgment was rendered."    Atchison, T. & S. F. R. R. Co. v. Elder, 149 Ill. 173; Windett v. Hamilton, 52 Ill. 180; Hibbard v. Mueller, 86 Ill. 256; People ex rel. v. Springer, 106 Ill. 542.

A motion to set aside a default is addressed to the discretion of the trial court; and its decision will not be disturbed by an appellate court unless there has been a *gross abuse* of that discretion *in refusing to set aside the default*.    Hinckley v. Dean, 104 Ill. 630; Peoria & R. I. R. R. Co. v. Mitchell, 74 Ill. 394; Smith v. Grapple, 17 Brad. 595; Powell v. Clement, 78 Ill. 20.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This is a writ of error, prosecuted by plaintiff in error from a judgment of the Circuit Court of Cook County, dismissing the suit of plaintiff in error against defendant in error, for want of prosecution.

The action was in trespass on the case, and was begun against defendant in error and one Crepin.    On January 16, 1897, Rand, defendant in error, was defaulted for want of plea, suit was dismissed as to Crepin, and damages were

assessed by a jury as to Rand. On February 11, 1897, judgment was rendered upon this verdict. At the same term, on February 13, 1897, a motion by Rand was entered to set aside this judgment, and the motion was continued to the next term of the court. No notice was given to plaintiff in error or his attorney of the entering of the motion or of the order continuing the same.

At the succeeding term of court the motion to vacate was argued, both parties were represented by counsel, affidavits were presented on behalf of the motion, and upon hearing the court set aside and vacated the verdict and judgment, and leave was given defendant Rand to plead.

The cause was afterward reached upon call of the trial calendar, dismissed for want of prosecution upon motion of defendant Rand, and a judgment for costs entered against plaintiff Major.

No complaint is made of the order dismissing the cause for want of prosecution and the judgment thereon, except that because (it is claimed) the order vacating the prior default judgment was void, therefore the later order dismissing the suit was inoperative.

The only question which is here presented, therefore, is as to the correctness of the order vacating the judgment.

There is no question as to the power of the trial court, by well established rule of law as well as by the provisions of section 40 of our practice act, to vacate its judgment at any time within the term at which it is rendered. But it is contended that the order vacating, having been entered after the term, the court had then lost jurisdiction, and this, although a motion to vacate was entered at the judgment term and continued to the subsequent term, because such motion was entered and continued without notice to plaintiff in error.

The power of the court over its judgment, while confined, by the rule of law and by the terms of our statute, to the term at which it is rendered, is yet extended to a subsequent term when a motion to vacate is entered at the judgment term and continued to the subsequent term. Windett

v. Hamilton, 52 Ill. 180, followed in Hibbard v. Mueller, 86 Ill. 256, overruling National Ins. Co. v. Chamber of Com., 69 Ill. 22; The People v. Springer, 106 Ill. 542.

It is contended, however, that plaintiff in error was entitled, under a rule of the Circuit Court, to have notice of the entering of such motion and of the continuance of the same, and that for lack of such notice the orders were ineffective to carry the motion over the term and retain the court's jurisdiction.

We think that this contention can not be maintained.

The rule relied upon is as follows:

" No motion will be heard or order made in any cause without notice to the opposite party when an appearance of such party has been entered, except where a party is in default or when a cause is reached on the call of the calendar. Notice to the opposite party must be in writing, state the motion, designate the judge before whom the same is to be made, and the place of hearing, and be served by delivering a copy to such party or his attorney of record before 4 P. M. of the day preceding the day mentioned in the notice," etc.

The Circuit Court evidently held, and we think rightly, that it is the *disposing* of the motion, not its mere filing or entry, which the rule contemplates when it requires notice. Nor is the continuing of the motion over the term an order which could only be operative upon notice to the parties. When the motion is entered upon the last day of the term, as here, its continuance might be matter of necessity or convenience to the court, and might be ordered by the court *sua sponte*, and for its own convenience. When the motion to vacate was finally disposed of, notice thereof had been given, and all parties were in court and were given hearing.

" It would require a clear and strong case of a violation, or disregard, or misconstruction by the court below, of its own special rules of practice, to justify this court in a conclusion that it understood the full scope and meaning of such rules better than the court that promulgated them." Stanton v. Kinsey, 151 Ill. 301.

We conclude, therefore, that the motion to vacate the

judgment was properly entered and continued to the following term, and that the court had not lost jurisdiction at the time of the order vacating.

But it is also contended that the vacating order was erroneous, as based upon an insufficient showing, and that it should be reviewed in that behalf and reversed.

The action of the trial court in ruling upon a motion to vacate a judgment by default, is a matter of discretion.

By the earlier cases in this State it was held that such discretion would not be reviewed upon a writ of error or appeal. Wallace v. Jerome, 1 Scam. 524; Woodruff v. Tyler, 5 Gilm. 457; Mitchell v. City of Chicago, 40 Ill. 174.

Later cases modified the rule, holding that when in the exercise of its discretion the court refused to grant the motion to vacate, such action was subject to review; but holding still that when the motion to vacate was granted, no appeal or writ of error would lie.

In Bolton v. McKinley, 22 Ill. 203, it was distinctly stated that the setting aside of a judgment by default is discretionary, and not subject to review on writ of error or appeal. This case is made the authority by Mr. Freeman, in his treatise on judgments, for the announcement of the rule that " while the right to have a judgment set aside upon sufficient showing is secured to the applicant by the granting of an appeal in case of a denial of the right, the party whose judgment is vacated before the lapse of the term has no remedy. The action of the court in granting a motion to set aside a judgment is discretionary, and not to be reviewed in any appellate court." Freeman on Judgments, 2d Ed., Sec. 90.

In cases still later it is intimated that when the trial court grants the motion to vacate, though no question of jurisdiction arises, its action as a matter of discretion may yet be reviewed. These were necessarily cases where the suit had proceeded to a final judgment after the vacating order. Combs v. Steele, 80 Ill. 101; Wright v. Griffey, 146 Ill. 394.

But the decisions are uniform in holding that when the

discretion of the trial court in ruling upon motions to vacate judgments by default is reviewed at all, it will not be interfered with except when it clearly appears that the discretion has been abused. Scales v. Labar, 51 Ill. 232; Peoria & R. I. Ry. Co. v. Mitchell, 74 Ill. 394; Union H. & L. Co. v. Woodley, 75 Ill. 435; Schroer v. Wessell, 89 Ill. 113; Hall v. First Natl. Bank, 133 Ill. 234.

Upon the motion to vacate Rand undertook to show by affidavits that he had a meritorious defense, and that he had not been negligent in failing to interpose the same before default was taken.

Plaintiff had declared upon alleged false and fraudulent representations by defendants that they had authority, as officers of the corporation, to contract for sale of certain chattels, the property of the corporation. The making of these alleged false representations was of the very gist of the action. Rand presented his affidavit, wherein he avers as follows: "Affiant further says that he never personally made, or authorized any one else to make, any representations of any kind to said plaintiff, as to the authority, either of himself or said Crepin, to sell or agree to sell the property mentioned in said declaration, or amended declaration, either as individuals or as officers of said corporation."

The affidavit discloses a meritorious defense to the action.

The affidavits of Rand and Crepin show that Crepin, who was made co-defendant with Rand, informed Rand that he, Crepin, had engaged counsel to attend to the case, and to interpose defense.

The affidavit of Rich shows that he understood that his firm were retained to appear for Crepin only.

In the demurrer to the original declaration, the firm of attorneys of which Rich was a member, pleaded for both defendants, Crepin and Rand; but upon rule on defendants to plead to the amended declaration, they filed a demurrer for Crepin only.

Upon this showing the trial court held that Rand, who had disclosed by affidavit a meritorious defense to the suit,

was not precluded by negligence from interposing that defense, and hence granted the motion to vacate.

Had the court denied the motion, we are not prepared to say that we would interfere with its ruling; but treating the action of the court as a matter of discretion, we can not say that there appears any such clear abuse of discretion as would warrant interference upon review.

The judgment is affirmed.