Ann Burrall Goodykoontz, Administratrix, Defendant in Error, v. Thomas F. Kelly and John W. Eagleston, Plaintiffs in Error.

## Gen. No. 18,801.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed February 5, 1914. Rehearing denied February 16, 1914.

### Statement of the Case.

Motion by defendants, Thomas F. Kelly and John W. Eagleston, to vacate a default judgment entered against them in favor of plaintiff, Charles H. Goodykoontz. Pending the motion the plaintiff died and his

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

administratrix, Ann Burrall Goodykoontz, was made party plaintiff. To reverse an order denying defendants' motion, defendants prosecute error.

H. F. DICKINSON and WALTER S. HOLDEN, for p'aintiffs in error.

GARNETT & GARNETT, for defendant in error; CYRUS L. GARNETT, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 248*—*effect of clerical error transposing names of parties in judgment order.* Where an order of court shows that the defendants' motion to vacate a judgment was stricken out on "defendants'" motion and that "plaintiff" excepted, *held* that the order may be corrected by the trial court where there was an erroneous transposition of the names of the parties resulting from a clerical error, and *held* that even though no correction was made by the trial court the Appellate Court would give the order the meaning evidently intended if the error was clearly apparent from an examination of the whole record.

2. APPEAL AND ERROR, § 824*—*when rule that exception must be shown by bill of exceptions inapplicable.* The rule that an exception cannot be shown merely by a recital in an order, without a bill of exceptions, has no application where the bill of exceptions expressly states that an order was entered in which the exception was noted.

3. APPEAL AND ERROR, § 805*—*effect when bill of exceptions does not recite it contains all the evidence.* The fact that a bill of exceptions does not recite that "this was all the evidence heard or offered" on a motion to vacate a judgment does not raise a presumption that other evidence or affidavits may have been presented which would render unnecessary any reading or consideration of affidavits in support of the motion.

4. APPEAL AND ERROR, § 785*—*bill of exceptions construed.* Where a bill of exceptions states that the court declined to read or hear read the affidavits filed in support of defendants' motion to vacate a judgment, or to hear any arguments on such motion, but does not state that the court refused to consider such affidavits

upon the ground that the matters contained therein were incompetent, etc., no other conclusion can be drawn from the statement but that the court declined to hear any affidavits no matter what facts were set up therein.

5. CONTINUANCE, § 64*—*jurisdiction as affected by order of continuance to next term.* Where a court enters an order continuing a motion to vacate a judgment to the next term of court, it thereby retains jurisdiction to act upon that motion or any similar motion at any time during the succeeding term, and the validity and effect of the order of continuance do not depend upon the form in which the motion to vacate was presented.

6. JUDGMENT, § 133*—*jurisdiction of court to entertain motion to vacate at next term.* Where a motion to vacate a default judgment is filed by the defendants on the last day of the term and the court on defendants' motion without notice to plaintiff enters an order for a continuance to the next term, and the court at such term struck defendants' motion from the files because defendants did not file affidavits at the time the motion was filed as required by the rules of court, *held* that even if it be conceded that the court properly struck the motion from the files, the court retained jurisdiction of the cause by the entry of the order of continuance and had power during such succeeding term to entertain another motion filed in accordance with the rules of court, and that defendants had a right to hearing on their second motion where the affidavits showed upon their face a meritorious defense, and that refusal of court "to read or hear read" the affidavits was error.