## L. L. Butterfield, Appellee, v. Simon Diekman, Appellant.

1. APPEAL AND ERROR, § 269*—*what is final judgment.* A judgment on a motion to quash an execution is a final judgment, and an appeal will lie therefrom.

2. JUDGMENT, § 252*—*when clerk no authority to amend record.* A clerk has no authority, on his own motion, to amend the record of a judgment in vacation.

3. JUDGMENT, § 112*—*when judgment by default sufficient in form.* Where the defendant, in a case appearing upon the judge's docket under its correct number, but with the first name of the defendant incorrect, was defaulted, *held* that the judgment was in fact rendered against the real defendant in the case as appeared in the pleadings.

4. EXECUTION, § 113*—*when special execution should be quashed.* Refusal to quash a special execution issued on a judgment, the record of which had been altered by the clerk of his own volition by changing the first name of the defendant, *held* error.

Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded with directions. Opinion filed October 13, 1915.

ELTING & HAINLINE, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

VOSE & CREEL and FLACK & LAWYER, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from the judgment of the Circuit Court of McDonough county overruling a motion to quash a special execution issued on a judgment in attachment in favor of appellee.

Appellee instituted his suit in attachment in said court to the May term, A. D. 1914, thereof. The affidavit for attachment and all the papers necessary for the institution of the suit filed in the case named appellant by his proper name, Simon Diekman. The case bore the general number 3329, and when it came to be docketed upon the judge's docket or minute book by inadvertence it was docketed as L. L. Butterfield vs. Charles Diekman. On May 11, 1914, judgment was entered by default and the memoranda appearing upon the judge's minute book are as follows: "No. 3329. L. L. Butterfield vs. Charles Diekman. Dfdt. called—defaulted—evidence heard judg. in attachment against dfdt. in favor of pltf. for $500.00 and costs. Special execution awarded." The clerk, following the entries in the minute book, wrote up the judgment in the record as against *Charles* Diekman, and on August 6, 1914, a general execution was issued against Charles Diekman. After the May term had been adjourned, the clerk, in vacation, attempted to amend the record of the judgment by striking out the word "Charles" and inserting in lieu thereof the word "Simon." He also at the same time procured the general execution which had been given to the sheriff to serve and made similar amendments therein. On September 3, 1914, which was still in vacation, on motion of appellant, the general execution was quashed on the ground that the clerk had no authority to amend it after it had been delivered to the sheriff, and not upon the ground that it should have been a special and not a general

execution.   On September 12, 1914, the court still
being in vacation, a special execution was issued on
said judgment against appellant in his proper name,
Simon Diekman.   On September 19th, the same being
one of the days of the September term of said court,
appellant made a motion to quash this special execu-
tion, which was overruled, and it is from the judgment
overruling this last motion that this appeal is prose-
cuted.

It is first urged by appellee that a judgment on a
motion to quash an execution is not a final judgment
and no appeal will lie therefrom.   There is a conflict
in the decisions of the courts of foreign States and
jurisdictions upon this question, but we believe that
the principles of right and justice support the theory
that an appeal or writ of error will lie from such
judgment, because, if they did not, a person would be
powerless in a rightful case to save his property from
being confiscated by a void legal process.   In the case
of *Sloo v. State Bank of Illinois*, 1 Scam. (2 Ill.) 428,
it was contended that a judgment on a motion to set
aside a judgment or to restrain an execution from
being issued thereon because the judgment was void
was not a final judgment from which a writ of error
could be prosecuted.   But the Supreme Court held:
"The expressions used in the statute defining the
jurisdiction of this court, we agree, are not to be
extended to give this court cognizance of cases in pro-
ceedings or judgments merely interlocutory; but we
aver that whenever a decision takes place in any of
the Circuit or inferior courts of record of this State,
which is final, and of which a record can be made, and
which shall decide the right of property or personal
liberty, complete jurisdiction is conferred on this
court to hear and determine the same.   *   *   *   It
seems to us, that, if the reasoning of the defendants'
counsel was correct, the adoption of his doctrine would

lead to an almost entire subversion of the objects for which this tribunal was created." In the case of *Jenkins v. Merriweather,* 109 Ill. 647, the appeal was taken from the judgment of the Circuit Court in refusing to quash an execution *venditioni exponas,* and while no question seems to have been raised in that case as to whether such judgment was a final one and an appeal could be taken therefrom, yet the Supreme Court assumed jurisdiction of the appeal and decided the matter upon its merits. The fact that the Appellate tribunals of this State do, of their own motions, if none are made for the purpose, dismiss appeals which they have no jurisdiction to entertain, leads to the conclusion that the Supreme Court in assuming jurisdiction of the appeal in the latter case considered that judgment a final one.

It is urged by appellant that the clerk had no authority to amend the record of the judgment in vacation on his own accord. That this is true is too clear for argument. Even the court, after the term has expired, has no power even at a subsequent term to order an amendment to the record in matters of form except upon notice to the parties to the suit and when there are some memoranda, minutes or notes of the judge, or something appearing on the records or files to amend by. *Babcock v. McCamant,* 53 Ill. 214; *Swift v. Allen,* 55 Ill. 303; *Bryant v. Vix,* 83 Ill. 11; *Ayer v. City of Chicago,* 149 Ill. 262. But it is urged that the judgment was, in fact, rendered against Simon Diekman, and that on the authority of *People v. Petit,* 266 Ill. 628, appellee was entitled to his special execution regardless of whether any judgment was actually recorded by the clerk or not. We agree that the judgment was actually rendered against Simon Diekman. This is shown by the minutes made by the judge. The minutes pertaining to the case were made in the case "No 3329," and show that the defendant in that case was defaulted, judgment rendered against him in

favor of appellee, and that a special execution was awarded. These minutes are not the record of the judgment. The judgment would have been just as much a judgment if no minutes thereof had been made at all; but having been made they may be resorted to as a memorandum of what the judgment was. They were made in a case bearing a general number 3329, and it is wholly immaterial that the minutes also contained an incorrect title to the case, or whether they contained any title or not. The minutes are identified with the case having the general number 3329. In the case of *People v. Petit, supra,* which was a mandamus proceeding instituted in the Supreme Court, it appears that the relator, Halbrook, on October 17, 1913, procured a judgment in his favor in an action of assumpsit for $9,500 damages against one Lawton, on which an execution was issued on November 18th. At the time the execution was issued no record of the judgment had been written by the clerk, and on December 4th, Lawton made a motion to expunge the entries of the clerk from the dockets and files in the case, or in alternative, if the court should hold the judgment to be valid, that the judgment for certain alleged errors of fact occurring in the proceedings be vacated and set aside. Upon the filing of the motion the court entered an order staying the execution and forbidding the clerk to spread of record any further orders in the case until further notice. Thereupon the relator, who was the plaintiff in the court below, instituted mandamus proceedings in the Supreme Court to compel the judge to expunge from the record that part of his order forbidding the clerk to spread of record any further orders in the case. The Supreme Court held that it was not necessary to the validity of the execution that the judgment should have been written by the clerk in the court record at the time of the issuance of the execution, and that the judgment existed from the time the court rendered it and not from the

time it was formally recorded upon the record. It was further held that after the lapse of the term at which the judgment was rendered the power of the court over the judgment was gone, and that it could not in any way vacate, modify or interfere with it, and had no authority at that time to order that the judgment rendered at a previous term should not be written in the record. This is the extent of the holding of the *Petit* case, *supra,* in so far as the issues in this case are concerned.

While an execution can be issued on a judgment before the record thereof is made, it is clearly upon the theory that the law presumes that when the record of the judgment is written it will be written correctly and in the same manner that it was made, but after the formal record thereof has been made, then such record is the evidence of the judgment which ordinarily can only be proved by the record. The record, so written, is a finality and cannot be changed, modified or altered by the clerk of his own volition. Judgments are the solemn declarations of the courts adjusting the rights of property and the liberty of the persons of the litigants who come before them, and would have no value if they had no stability. The amended record of the judgment in this case is void, and the special execution issued by virtue thereof is also void and should have been quashed. Appellee should have made a motion to amend the record of the judgment as there is abundant proof in support thereof, and then have his special execution issued on the proper judgment. He can suffer no injury by following such a course as the levy of the attachment writ retains the lien upon the property levied upon.

The judgment is reversed and cause remanded with directions to sustain the motion to quash the special execution.

*Reversed and remanded with directions.*