## William R. Ellison et al., trading as J. B. Ellison & Sons, Defendants in Error, v. A. E. Thomason, Plaintiff in Error.

### Gen. No. 31,251.

1. BANKRUPTCY—*when not a defense against revivor of judgment.* Defendant cannot defend against scire facias to revive a judgment against him on the ground of a bankrupt's discharge obtained before the original judgment was entered after failing to plead the discharge against the entry of that judgment.

2. APPEAL AND ERROR—*when amount of bond not improper on appeal from revivor of judgment.* Requiring a bond of $2,000 for appeal from a revivor of a judgment for $1,134.31 was not error under Cahill's St. ch. 110, ¶ 92.

3. MOTIONS AND ORDERS—*when order may be vacated after term.* If a motion to vacate an order is made within the term and hearing thereon extended to the succeeding term, the court retains jurisdiction to vacate the order at the succeeding term.

Error by defendant to the Municipal Court of Chicago; the Hon. EDGAR A. JONAS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Affirmed. Opinion filed March 2, 1927.

B. M. SHAFFNER, for plaintiff in error.

FREDERIC L. GOFF, for defendants in error.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is a proceeding by scire facias to revive a judgment for $1,134.31, obtained by the plaintiffs Ellisons, against the defendant Thomason, in the municipal court, on July 10, 1913.

The writ of scire facias to revive the judgment was served on the defendant on February 10, 1926, and, on February 15, 1926, the defendant filed his appearance.

On February 23, 1926, the defendant filed an affidavit of merits in which he alleged that on May 13, 1913, he was discharged in bankruptcy from all claims, including the claim of the plaintiffs, due and owing on January 4, 1913. This affidavit being stricken, on March 20, 1926, he filed an amended affidavit of merits alleging that the petition in bankruptcy was filed on January 14, 1913; that the schedule giving a list of creditors included the plaintiffs' claim of $1,134.31; that on May 5, 1913, he was granted a discharge from all claims which existed on January 4, 1913; that the claim of the plaintiffs existed prior to January 4, 1913; and that by virtue of the bankruptcy proceedings and discharge, the plaintiffs were barred from prosecuting their claim.

On March 25, 1926, an order was entered reciting, among other things, that the amended affidavit of merits was stricken; that the defendant elected to stand on his amended affidavit of merits; that the defendant was defaulted for want of an affidavit of merits in scire facias to revive the judgment; and that the judgment of July 10, 1913, was revived for $1,134.31 and costs.

On April 24, 1926, the plaintiffs moved to vacate the order of March 25, 1926, and the court set the motion down for a hearing to be had on April 30, 1926.

On May 3, 1926, it was ordered by the court that the order of March 25, 1926, be vacated and set aside, and that the affidavit of merits be stricken. The order also shows that the defendant elected to stand by his affidavit of merits. The order also shows that the defendant was "defaulted for want of an affidavit of merits on scire facias to revive the judgment," and that "Judgment of July 10, 1913 be revived for Eleven Hundred Thirty-Four and Thirty-One Hundredths Dollars ($1134.31) and costs." The record then shows that the defendant prayed an appeal from the judg-

ment and order, and that the appeal was granted on condition that the defendant file an appeal bond in the sum of $2,000.

The only defense set up in the amended affidavit of merits is that the discharge in bankruptcy released and discharged the defendant from the claim set forth in the scire facias proceedings; and it is contended for the defendant that the trial judge erred in striking the amended affidavit of merits and entering a judgment of revivor. It will be observed that the record shows that the plaintiffs' suit was begun on November 27, 1912; that the defendant entered his appearance on December 27, 1912; that the petition in bankruptcy was filed by the defendant on January 13, 1913; that on May 5, 1913, the defendant was discharged in bankruptcy from all debts and claims which existed on January 4, 1913; and that the plaintiffs recovered a judgment in this cause in the sum of $1,134.31 against the defendant on July 10, 1913, several months after the defendant was discharged in bankruptcy.

A similar chronology of facts is passed upon by the United States Supreme Court in *Dimock v. Revere Copper Co. of Boston, Mass.*, 117 U. S. 559. In that case the suit was commenced on January 13, 1874; the petition in bankruptcy was filed on June 23, 1874; the discharge in bankruptcy was granted on March 26, 1875; and a judgment for the plaintiff was entered on April 1, 1875. In that case the court said:

"We are of the opinion that, having in his hands a good defense at the time judgment was rendered against him, namely: the order of discharge, and having failed to present it to a court which had jurisdiction of his case, and of all the defenses which he might have made, including this, the judgment is a valid judgment, and that the defense cannot be set up here in an action on the judgment."

In Brandenburg on Bankruptcy, section 273, 3rd Ed.

(1903), which covers the National Bankruptcy Law of 1898, the law is stated as follows:

"The mere filing of a petition in bankruptcy does not divest the jurisdiction of a state court over an action; but to affect such jurisdiction over pending actions, the adjudication or discharge must be pleaded, which may be done at any time after the institution of bankruptcy proceedings, but, if the bankrupt does neither, a judgment rendered against him is lawful and valid."

Our attention is called to the case of *Boynton v. Ball,* 121 U. S. 457; but in that case the judgment was recovered against the bankrupt after the commencement of the proceedings in bankruptcy and before the discharge. It is, therefore, distinguishable from the *Dimock* case, *supra.* In the instant case, the defendant having failed to plead his discharge in bankruptcy, which would have been a valid defense, if pleaded at or before the time judgment was rendered, was in the same position that a defendant would be who had made a payment, or had received a receipt, or release, and yet failed to avail himself of his defense by an apt and seasonable plea. Having allowed the original judgment to go against him without any attempt to avail himself of his defense, the judgment became conclusive on the question of his indebtedness to the plaintiffs.

It is contended that the court erred in fixing the appeal bond at the sum of $2,000.

Paragraph 92, ch. 110, Cahill's St. (1923), provides that a bond shall be given "in a reasonable amount, to secure the adverse party, to be fixed by the court, with sufficient security, to be approved by the court," and contains the following: "If the appeal is from a judgment or decree for the recovery of money, the condition of the bond shall be for the prosecution of such appeal and the payment of the judgment * * * in case the judgment is affirmed. In all other

cases the condition shall be directed by the court with reference to the character of the judgment, order or decree appealed from.'' That being the law, we do not think it was error for the trial judge to fix the bond at the sum of $2,000.

It is further contended that, on May 3, 1926, the court was without jurisdiction to set aside the order which had been entered on March 25, 1926, more than 30 days having intervened. The record discloses, however, that on April 24, 1926, which was within 30 days after the judgment was rendered, the plaintiffs made a motion to vacate that order, and that the hearing on that motion was continued until April 30, 1926, and that, thereafter, on May 3, 1926, the order complained of was entered, which vacated the order of March 25, 1926. The motion to vacate having been made within the judgment term, and the hearing on that motion having been extended to the succeeding term, the court still retained jurisdiction. *Major v. Rand*, 72 Ill. App. 279; *Goodykoontz v. Kelly*, 185 Ill. App. 165.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

O'CONNOR and THOMSON, JJ., concur.