Farmers Bank of North Henderson, Illinois, Appellant, v. Axel W. Stenfeldt et al., Appellees.

Gen. No. 8,098.

Heard in this court at the October term, 1929. Opinion filed July 19, 1930.

CHURCH & CALIFF, for appellant.

WALTER L. MANNON, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

On January 4, 1929, judgment by confession was entered in favor of plaintiff and against defendants in the circuit court of Mercer county for the sum of $2,134. Execution was issued thereon and delivered to the sheriff on the same day. At the time of the delivery of said execution, appellees were the owners of personal property, upon which said execution was levied. Various motions were made and orders entered concerning the judgment, and finally, on May 3, on motion of defendants, supported by affidavit, the judgment was vacated and the execution quashed. To reverse this order, an appeal is prosecuted.

The question is raised as to whether or not the order sought to be reviewed is appealable. The first action of the trial court was to open up the judgment and grant defendants leave to plead. Subsequently that order was vacated. Still later another order was entered granting the defendants leave to plead and preserving the lien of the judgment and execution. Lastly, on motion of the defendants, that order was rescinded and an order entered vacating the judgment and quashing the execution without terms and without leave to the defendants to plead. Whether or not such order was intended to finally dispose of the case is not clear.

An affidavit was filed in support of the original motion to open up the judgment and for leave to plead. It asserted that the notes sued on were forgeries and were without consideration. It disclosed a meritorious defense, if proven, and under the circumstances, the trial court entered a proper order in allowing the motion. The cause then stood pending for trial, subject to the filing of appropriate pleadings. Whether or not the notes were forged instruments and given without consideration would, under such pleadings, be for the consideration of a jury and not for the court. An order opening up a judgment by confession and granting leave to plead is not a final

order, but merely interlocutory, and is not appealable. (*Dean v. Gerlach,* 34 Ill. App. 233; *Walker v. Oliver,* 63 Ill. 199; *Bolton v. McKinley,* 22 Ill. 203, 204; *Andrews & Co. v. Anchor Folding Box Mfg. Co.,* 210 Ill. App. 636; *City of Park Ridge v. Murphy,* 258 Ill. 365.)

But the trial court, after having made such an order, set it aside and entered one absolutely vacating the judgment. It went further than that. It quashed the execution and its lien instead of continuing it in force until the final determination of the suit. The difference between opening and vacating a judgment by confession should be distinguished. Courts of law exercise a sort of equitable jurisdiction over judgments by confession under warrants of attorney, in order to admit a defense upon the merits. In doing so, a rule of practice has become well-nigh universal. Under that rule, the judgment is not vacated or set aside; it furnishes a mode of permitting a defendant a hearing on the merits, the judgment meanwhile remaining in force and standing as security. (34 C. J. 255; *Bolton v. McKinley, supra.*) If the defense is unsuccessful, then the original judgment stands unaffected; if it be successful, the judgment will be set aside. (*Norton v. Allen,* 69 Ill. 306; *Hall v. Jones,* 32 Ill. 38.)

Notwithstanding the distinction to be made between the terms "opening up" a judgment and "vacating" or "setting aside" a judgment, much laxity of expression is to be found in the books. This situation is recognized in *King v. Brooks,* 72 Pa. 363, where it is said that "Even when the order of the court is to vacate or strike off—if it is apparent on the face of the record to have been for the purpose of rehearing or retrial, it is in substance an order to open—though it is much better in all cases to employ the proper term." So, in the instant case, we are inclined to regard the last order of the trial court by which the judgment was "vacated" as having been opened up for a trial upon the merits.

If no more had been done to the judgment than to open it up, the order would not be applicable. But the trial court's ·order went further; it quashed an execution which had been levied upon the property of the defendants and the record shows that such property was not exempt. It deprived the plaintiff of its security. In this action the court erred. It has been generally held in this and in other jurisdictions, that an order or decree awarding, denying, quashing, or refusing to quash the execution is a final and an appealable order. (3 C. J. page 530; sec. 363.) Such has been the rule in Illinois since our earliest decisions. (*Sloo v. State Bank of Illinois,* 1 Scam. [2 Ill.] 428.) In that case, Sloo moved the court to set aside the judgment or restrain the levying of the execution upon his property. The trial court denied the motion whereupon Sloo appealed. It was contended in the Supreme Court that the order was not a final order from which an appeal could be prosecuted. It was held that the order refusing to restrain the levying of the execution was an appealable order.

A similar question was presented to the Appellate Court of the Third District in *Butterfield v. Diekman,* 200 Ill. App. 627, where it was urged that a judgment refusing to quash an execution is not a final judgment from which an appeal will lie. The opinion in that case reviews *Sloo v. State Bank of Illinois, supra,* together with other Illinois cases and announced the rule to be that a judgment on a motion to quash an execution is ·a final judgment and an appeal will lie therefrom.

*Bolton v. McKinley, supra,* is cited in opposition to the above doctrine, but we do not think it conflicts with the established rule, for the court expressly stated that "The only question presented by this record, necessary to be considered, is whether the court below had the power to set aside the judgment by confession on a motion entered at the same term at which it was

rendered.'' The court was not asked to determine whether an order quashing the execution was final or not. It is apparent from the opinion that the Supreme Court considered no other question than the power of the trial court to set aside a judgment by confession and grant leave to plead. It held that such power existed and when exercised, the order was interlocutory, and not appealable. No question was raised as to the finality of an order quashing the execution.

Aside from the weight of authority, it seems that the principles of justice demand the statute be so construed as to grant appeals from orders quashing an execution and its lien. It requires no stretch of imagination to conceive a case where a plaintiff's remedy would be entirely lost to him if his execution were quashed while he is compelled to await a trial upon the merits of his case. A defendant, if possessed of small scruples, would find it easy, under a different rule, to dispose of and conceal his property to the detriment of his creditor.

In this case the trial court should have proceeded under the original order opening up the judgment and at the same time preserving the lien of the execution until a final determination of the cause upon its merits. We have already indicated that we are constrained to hold that the order vacating the judgment should be deemed one where the term was improperly used, and that it was really intended to open up the judgment and grant leave to the defendants to plead. The error in the case comes from quashing the execution. The judgment of the trial court must be reversed on that account, so far as it purports to quash the execution, and the cause remanded to the circuit court with directions to modify the order, so as to continue in force the execution and the lien of the levy thereunder until the final determination of the cause upon its merits.

*Reversed and remanded with directions.*