(No. 18340.—

LAWRENCE R. KENNEDY *et al.* Appellants, *vs.* ALBERT A. WILBUR, Appellee.

*Opinion filed April 20, 1929—Rehearing denied June 6, 1929.*

RATHJE, WESEMANN, HINCKLEY & BARNARD, and HALL & HULSE, (ADOLPH H. WESEMANN, and FRANKLIN J. STRANSKY, of counsel,) for appellants.

HOAG & ULLMANN, and A. F. BEAUBIEN, (GEORGE M. BURDITT, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant Lawrence R. Kennedy, by Sylvia Kennedy, his mother and next friend, filed a bill in the circuit court of Lake county against appellee, Albert A. Wilbur, seeking to set aside a contract for the sale of real estate entered into between appellee and Lawrence Kennedy and Sylvia Kennedy, his wife, father and mother of Lawrence R., and to remove from the records of said county an affidavit filed by appellee affecting said real estate, and for general relief. The bill was filed on October 30, 1924. A demurrer thereto was filed, which was on December 6, 1924, sustained and complainant given leave to amend the bill of complaint. An amended bill was filed and defendant was ordered to answer within ten days. An answer was filed within that time, denying possession in complainant and alleging that defendant was the owner of the equitable title to the premises by virtue of the contract set out in the bill. The answer denied that the affidavit filed by defendant is a cloud upon complainant's title, and alleged that the vendors failed to carry out their contract by delivering to defendant a merchantable abstract within a reasonable time, but averred that a merchantable abstract of title was not delivered to defendant until January 30, 1924, and that within the terms of the contract defendant elected to take the property in the then condition of the title. On October 5, 1925, the cause

was, on the motion of complainant's solicitor, placed on the trial call. On November 1, 1925, the cause was referred to the master in chancery to take the evidence and report his conclusions thereon. On March 19, 1926, defendant filed a cross-bill seeking specific performance of the contract.

The facts are not disputed and are as follows: On November 15, 1923, Lawrence Kennedy, father of Lawrence R., with Sylvia Kennedy, his wife, entered into the contract in question with appellee for the conveyance, on or before March 1, 1924, of thirty acres of land, more or less, as a survey should disclose, for the sum of $45,000, subject to existing leases and taxes. This contract, together with the certified check of appellee for $1000 as earnest money, was put in escrow with the First National Bank of Waukegan. By the contract appellee was to pay, within five days after the title had been examined and found good or accepted by him, the sum of $14,000 on receipt of a warranty deed conveying to him a good and merchantable title. The balance of $30,000 was to be paid within three years after date, secured by a mortgage or trust deed on the premises. The contract further provided that a merchantable abstract of title should be furnished by the vendors within a reasonable time. Appellee or his attorney, within ten days after receiving such abstract, was to deliver to the vendors or their agent, together with the abstract, a memorandum in writing signed by him or his attorney, specifying in detail the objections to the title, if any, or if there were no objections, stating in substance that the title was satisfactory. If the defects in the title were not cured within sixty days after notice thereof, the contract, at the option of the vendee, was to become null and void and the earnest money was to be returned. Notice of such election was to be given to the vendors. The vendee also had the right, under the contract, to take the title as it then was, and the vendors agreed to convey provided the vendee gave written notice of such election within ten days after the expiration

of the sixty-day period and tendered performance on his part. In default of such notice of his election to perform, accompanied by a tender, within the time so limited, the vendee, without further action by either party, was to be deemed to have abandoned his claim and the contract was to be without force and effect. The contract also provided that in case appellee failed to perform promptly at the time and in the manner specified, the earnest money, at the option of the vendors, was to be retained by them as liquidated damages and the contract become null and void. Time was made the essence of the contract. Notices were to be in writing signed by or in behalf of the party giving the same and were to be served either upon the other party or his agent. The abstract, after examination, was to be returned to the vendors, to be held by them until the deferred payments had been made.

On December 14, 1923, an abstract of title was delivered to appellee certified to November 28, 1923. On December 17, 1923, the attorney for appellee delivered to the attorney for the vendors a written opinion on the title. This opinion found the title to the premises to be vested in Lawrence Kennedy and wife, subject to thirteen objections: (1) Such question as an accurate survey might disclose; (2) rights or claims of parties in possession; (3) mechanics' lien claims, if any, not of record; (4) merchantability of abstract; (5) highways; (6) drainage ditches; (7) taxes for the year 1922, if unpaid, and for the year 1923; (8) special assessments and special taxes not confirmed; (9) a trust deed dated July 7, 1921, made to secure the note of Kennedy and wife, for $45,000, due three years after date; (10) trust deed for a like sum, dated July 31, 1922, due in three years from date; (11) an agreement dated July 10, 1922, and recorded November 21, 1923, between Kennedy and wife and Charles Binnie, under which the latter had the privilege of purchasing, before March 1, 1925, ten acres of the tract; (12)

proof of heirship as to the heirs of John Kennedy; and (13) that the affidavit of Edward J. Kennedy shown in the abstract of title merely states conclusions and does not purport to cover questions of after-born or adopted children.

None of the above objections were removed or cured except No. 4, under the head of merchantability of the abstract. That objection was only that a portion of the abstract had not been certified to by a responsible abstracter. It was not objected that the abstract did not cover the property or the period of time purported to be included therein. This objection was cured by re-submitting on January 30, 1924, the same items of the abstract under the certificate of a responsible abstracter. No objection to the title was cured. On January 31, 1924, a letter was delivered by the attorney for appellee to the attorney for the vendors which acknowledged receipt of the newly certified portion of the abstract in the place of that considered unmerchantable. The letter also stated that the last delivered portion does not cover objections 12 and 13 of the opinion of title rendered on December 17, 1923. By the letter the writer also called to the attention of the attorney for the vendors the fact that the contract called for the conveyance of thirty acres, more or less, subject to survey, and that the abstract submitted excepts from the description of the tract the south sixty-six feet thereof. The letter does not indicate whether the writer is referring to the abstract as originally submitted or to the newly certified portion thereof, but it is not disputed that the newly certified portion of the abstract is in nowise different from the original except as to the certification. The objection, therefore, if it be considered a new objection, must be held to apply to the abstract as submitted on December 14, 1923. No such objection was raised in the opinion of title of December 14, 1923, unless it be under objection 5, designated "Highways." Nothing further appears to have been done at that time concerning this contract.

On April 8, 1924, Lawrence Kennedy died, leaving Sylvia Kennedy, his widow, and Lawrence R. Kennedy, his son, as his only heirs-at-law and next of kin. By the last will and testament of Kennedy he devised and bequeathed all his property to his wife and nominated her as executrix. He did not disinherit after-born children, and subsequent to the execution of the will Lawrence R. Kennedy was born. At the time of the death of Kennedy, Sylvia and Lawrence R. Kennedy were in possession of the premises as their homestead. On July 28, 1924, Mrs. Kennedy filed an application for letters testamentary and for probate of the will, and a hearing thereon was set for August 25, 1924. On September 15, 1924, the will was admitted to probate and Mrs. Kennedy appointed executrix. On August 25, 1924, appellee caused to be served upon Mrs. Kennedy, as the one nominated and appointed as executrix of the last will and testament of Kennedy, a notice, by which he stated that he elected to take the title as shown by the abstract of title continued to November 28, 1923, and demanded a deed therefor, and stated that he was ready to tender, and did tender, the balance of the purchase price. On September 15, 1924, appellee filed a petition in the probate court of Lake county praying that an order be entered directing Mrs. Kennedy, as executrix, to file a petition in that court for leave to execute a deed to appellee. An answer was filed to that petition denying the right of appellee to such deed, and on October 13, 1924, an order was entered by the probate court directing Mrs. Kennedy, as executrix, to file such petition. No petition, however, was filed. It also appears from the record that on January 29, 1924, the affidavit complained of was filed of record by appellee.

The circuit court found on this state of facts the vendee had, under the terms of the contract, ten days from January 30, 1924, (the date on which the vendee received from the vendors the merchantable portion of the abstract there-

tofore objected to as unmerchantable,) within which to de-
liver to the vendors or their agent his objections to the title,
and that he did within such time deliver such objections;
that by the terms of the contract Kennedy thereafter had
sixty days from January 31 (the date of the delivery of
the letter herein referred to) in which to cure the defects
pointed out in the letter of January 31, and that the vendee
had ten days after the expiration of such sixty days in
which to serve notice of his election to take the title as it
then was and to tender performance on his part; that Ken-
nedy died within such last named period of ten days, and
that until admission to probate of the will and granting
letters testamentary in his estate there was no one repre-
senting the estate authorized to receive notice or tender,
and that until the executrix was appointed appellee was not
required to serve notice of election or make such tender.
The decree found that the vendee has fully performed all
of the terms of the contract required on his part and that
specific performance should be accorded. The court ac-
cordingly dismissed the bill for want of equity and decreed
the relief prayed in the cross-bill. Lawrence R. and Sylvia
Kennedy have appealed.

The first question presented is as to performance by the
vendee. An abstract purporting to be a complete abstract
was submitted on December 14, 1923. Certain portions of
it carried the certificate of an abstracter not considered re-
sponsible, and the fourth objection of December 17, 1923,
was on that ground. Appellee contends that this was a
failure on the part of the vendors to furnish a merchant-
able abstract within reasonable time, and that the various
periods of time did not begin to run until a complete mer-
chantable abstract had been submitted, which was on Janu-
ary 30, 1924. It is evident from the record that the ab-
stract, aside from the certificate, was complete in every
respect. The vendee, had he desired to do so, might have
declined to accept the abstract or present objections to the

title as shown by it until an abstract merchantable in all its items was presented. This he did not do. On the contrary, he proceeded, through his attorney, to examine the abstract submitted, and aside from the objection to the merchantability of portions of the abstract rendered twelve objections to the title as shown by the entire abstract. The objection to the certificate was, within the time limited in the contract, remedied. No new or other objections were filed. All of the thirteen objections were filed to the original abstract. No other objection than that of the abstracter's certificate was ever cured. It seems clear that the submission of a new certificate to a portion of the abstract did not operate to extend the time within which the limitations of the contract were to begin. When this portion of the abstract was re-submitted with the new certificate no new objections were presented thereon, but the letter delivered January 31 to the vendors referred only to objections in the opinion of the title rendered on December 17. Had all of the objections submitted under the opinion of title dated December 17, 1923, been cured after the sixty days from that date and the vendors had sought to enforce the contract, it could have been well pleaded in defense to such an action that the imperfections in the title had not been cured within the time required by the contract. Remedies in this class of cases must be mutual.

We are of the opinion, therefore, that had appellee desired to take this property in the then condition of its title it was necessary that he serve notice of such an election within seventy days from the date of the opinion of the title rendered on December 17, 1923. This he did not do. In fact he appears to have done nothing in connection with his contract until August 25, 1924, when he served notice upon Sylvia Kennedy, nominated as executrix of the will, which had not yet been probated, though he must have known on July 28, 1924, (the date the will was filed for probate and the order fixing the time for hearing thereon

was entered,) that she was nominated as executrix. The purpose of time limitations in a contract of this character is to avoid speculation by either the vendor or vendee on the rise or fall of the value of the property before choosing to perform, and where time is made the essence of the contract it is necessary for one seeking specific performance to show that he has done everything required of him within the time required. The vendee having treated the abstract tendered on December 14, 1923, as a complete abstract, and having presented objections, other than to its merchantability, upon items appearing both in the unmerchantable as well as the merchantable portion thereof, cannot thereafter treat a deficiency in merchantability as a basis for securing more time than specified in the contract. The objections to the title of December 17 were, in effect, a demand on the vendors to cure the defects therein mentioned within the time prescribed by the contract. As to objection No. 4 this was done. No other objections were cured. Compliance with the demand of the objections of December 17 in this regard cannot be considered as the beginning of new periods of sixty and ten days under the contract. The contract at the end of seventy days after December 17, 1923, became null and of no effect, and appellee was not entitled to specific performance of it but appellants are entitled to have it canceled. This being true, appellants, who are in possession of the premises, are entitled to have the affidavit filed January 29, 1924, removed as a cloud on their title.

Since the objections to title were not cured, the earnest money should be returned to appellee.

The decree of the circuit court is reversed and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*