(No. 19575.—

AUGUST W. LUEBBE *et al.* Appellants, *vs.* DOROTHEA KUFKE, Appellee.

*Opinion filed June 19, 1929.*

CASTLE, WILLIAMS, LONG & CASTLE, for appellants.

Winters, Stevens, Risk & Griffith, (George M. Stevens, Julian Clay Risk, and Melvin L. Griffith, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellants filed a bill in the superior court of Cook county seeking specific performance of a contract executed by appellee on March 4, 1922, under which appellants claim to have purchased from appellee about seventeen acres of land near Des Plaines, in Cook county, for $13,000. The defense to the bill was that on the date of the contract appellee did not have power to sell or dispose of the premises, but that under an agreement between her and two of her children, referred to in the record as the "family agreement," she had agreed to divide the premises among her children and not to sell or dispose of it except for the purpose of support of herself or maintenance of the property, and that it was unnecessary for her to sell the premises. The answer also alleges that appellants, prior to the date of the contract, had full knowledge of the family agreement, and that appellee was induced to enter into the contract by false representations; that she was old, inexperienced in business dealings and ignorant of land values, and that the premises were worth much in excess of the sale price. The answer also alleged that the complainants had forfeited their rights under the contract by abandonment thereof. Three of the children of appellee filed an intervening petition, setting up the family agreement and claiming that appellee did not have a right to sell except for support of herself or maintenance of the property, and that it was unnecessary to make such sale.

The contract was the usual form of real estate contract, and contained, among others, the provision that the purchaser or his attorney shall, within ten days after receiving the abstract of title from the vendor, deliver to the vendor,

in writing, the objections he makes to the title, and if none were made, stating in substance that the same was satisfactory. It further provided: "In case material defects be found in said title and so reported, then if such defects be not cured within sixty days after such notice thereof this contract shall, at the purchaser's option, become absolutely null and void and said earnest money shall be returned, notice of such election to be given to the vendor; but the purchaser may nevertheless elect to take such title as it then is, and in such case the vendor shall convey as above agreed; provided that said purchaser shall have first given a written notice of such election within ten days after the expiration of the said sixty days and tendered performance hereof on his part."

On April 25, 1922, appellants, by their attorney, delivered to appellee an opinion of title enumerating eleven objections thereto, one of which set out in full the substance of the family agreement herein referred to. This family agreement was dated January 2, 1919, and was recorded. Upon receipt of the objections of appellants to the title, appellee, Dorothea Kufke, engaged the services of attorneys for the purpose of clearing up the title. This necessarily required much more than sixty days' time. The bill to clear title was filed on the 31st day of August, 1922, and sought to remove various clouds existing, including the family agreement. Certain of the Kufke heirs thereupon filed a cross-bill defending the family agreement and seeking to set aside appellants' contract. Appellants were made parties to this cross-bill and answered the same. On September 10, 1924, counsel for Dorothea Kufke withdrew from the bill all reference to the family agreement, and thereupon, on the same day, the Kufke heirs dismissed their cross-bill. On February 16, 1925, a decree was entered clearing the title of all matters except the family agreement, which had been withdrawn from the purview of the suit and which remained untouched by the decree. The bill for specific per-

formance in this case was filed on the 12th day of March, 1925, or twenty-four days after the decree was entered removing all objections except the family agreement and more than three years after the contract was entered into.

Appellants contend that because appelleé employed attorneys and brought suit to clear the title she waived the time and forfeiture provisions of the contract, and that she was required to give notice before insisting upon a forfeiture. Appellants by their bill do not ask for a conveyance of the title as it is, but their prayer is that Dorothea Kufke be required to convey to them the premises by good and sufficient deed of conveyance, and allege that they are ready and willing and offer "specifically to perform the said agreement on their part and upon the defendants making out a good and sufficient title to said premises and executing a proper conveyance thereof to your orators pursuant to the terms of said agreement, to pay the defendant the residue of said purchase money." The use by the vendor of more than sixty days in which to clear up the title can scarcely be said to result in a waiver by her of the time clauses of the contract. The sixty-day provision was inserted to fix the time during which the vendee is required to wait. If more time is taken such extension may be more truly said to be a waiver of that time clause by the vendee, for whose benefit the provision is made. Though it be treated as a waiver by the vendor, it cannot be considered a waiver of all of the time provisions of the contract. *Boardman* v. *Bubert,* 325 Ill. 38.

One of the objections to the title appearing in the opinion of title delivered by vendee's attorneys was the existence of the "family agreement." It became apparent to appellants, who were parties to the intervening petition filed by the Kufke heirs in the proceeding to clear the title, that by withdrawing the "family agreement" from the bill on September 10, 1924, that objection to the title would not be cured. This was 183 days before the bill in this case

was filed. The decree in the suit to quiet title was entered on February 16, 1925. The condition of the title was then fixed. Appellants knew they could get no better title. By no stretch of construction could it be said that appellants had more than ten days after the entry of such decree in which to serve notice of an election to forfeit the contract or to take the title as it then was. That provision cannot be said to have been waived. To constitute a waiver there must be a showing of some act amounting to an estoppel. The failure of the vendor in an attempt to clear title is of the same effect as a refusal so to do. The rule is, that if the vendor fail or refuse to clear the title within the time specified in the contract the vendee may exercise his election as provided in the contract. In this instance the withdrawal of the "family agreement" from the bill to clear title amounted to a refusal on the part of the vendor to clear title. In any event, if appellants wished to take the property, it became necessary, on the entry of the decree referred to, that they elect within ten days whether they would forfeit the contract or take the title as it then was. This they did not do but filed a bill twenty-four days after the entry of the decree, asking, not the right to take the property as it then was but that a good and sufficient title be transferred to them, notwithstanding there was to their knowledge the outstanding "family agreement," which would prevent the transfer of such a title. Written notice of an election to take the title as it then was, was essential to entitle the vendee to enforce that provision of the contract. No such notice was served. The above rules are announced in *Miller* v. *Shea,* 300 Ill. 180, and many other decisions of this and other courts.

It is clear from this record that appellants are not entitled to the relief sought by their bill, and the superior court did not err in dismissing same. The decree will therefore be affirmed.

*Decree affirmed.*