(No. 20428.—

ROSE STAGMAN, Appellant, *vs.* HARRIET LASSON, Appellee.

*Opinion filed October 23, 1931.*

PRITZKER & PRITZKER, (NICHOLAS J. PRITZKER, and REUBEN L. FREEMAN, of counsel,) for appellant.

S. J. KONENKAMP, and J. C. DEWOLFE, for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Both parties to this action, Rose Stagman and Harriet Lasson, have prayed this appeal from a decree of the circuit court of Cook county which directed the specific performance of a real estate contract entered into between them. Only the complainant below, Rose Stagman, perfected her appeal. The decree, in addition to requiring specific performance, also provided for an accounting and adjustment of rents, interest and other items.

The contract under consideration was entered into on March 27, 1928. By its terms Mrs. Lasson agreed to sell

and convey an apartment building in Chicago to Mrs. Stagman for a total consideration of $77,000. Of this amount $500 was deposited in escrow as earnest money, the further sum of $4500 was to be paid upon the delivery of a warranty deed conveying good and merchantable title to the premises, and the remainder of the purchase price was to be made up by the assumption by the purchaser of a trust deed amounting to approximately $56,500, a second mortgage of about $1700 and a third trust deed for $13,800. The contract provided that an abstract of title should be furnished by the vendor within a reasonable time; that the purchaser should have ten days thereafter to specify any objections she desired to make to the title; that if such defects were not cured within sixty days after notice of such defects the contract should, at the purchaser's option, become null and void and the earnest money returned. It further provided that the purchaser might nevertheless elect to take such title in its existing condition, and in such case the vendor should convey the same, provided "that such purchaser shall have first given written notice of such election within ten days after the expiration of the said sixty days and tendered performance hereof on his part. In default of such notice of election to perform and accompanying tender within the time so limited, the purchaser shall, without further action from either party, be deemed to have abandoned his claim upon said premises, and thereupon this contract shall cease to have any force or effect as against said premises or the title thereto or any right or interest therein but not otherwise. * * * Time is the essence of this contract and of all the conditions hereof. The notice required to be given by the terms of this agreement shall in all cases be construed to mean notice in writing."

To the bill of complaint Mrs. Lasson filed an answer and cross-bill, and on issues being joined the cause was referred to a master in chancery. Upon the report of the master the court entered a decree dismissing the cross-bill

for want of equity and awarding specific performance to the complainant upon the payment by her of certain sums ascertained by the chancellor upon an accounting. Numerous errors and cross-errors were assigned for reversal of the decree.

Without considering in detail the conflicting claims of the parties, it is evident from the record that the chancellor erred in awarding specific performance of the contract. The preponderance of the evidence shows that Mrs. Stagman did not at any time tender the remainder of the purchase price ($4500) to Mrs. Lasson. All that is shown in this respect is that Mrs. Stagman said she had borrowed the $4500 from a bank to make this payment and "had the money ready and waiting." The evidence fails to show that this money was ever tendered to Mrs. Lasson. It is admitted that at no time did Mrs. Stagman tender a trust deed and notes for $13,800 to Mrs. Lasson. The authorities in this State are conclusive that under such circumstances the purchaser cannot have specific performance. (*McDonald* v. *Bartlett,* 324 Ill. 549; *Johnson* v. *Crouch,* 325 id. 559; *Lanski* v. *Chicago Title and Trust Co.* 324 id. 367; *Gladstone* v. *Warshovsky,* 332 id. 376; *Olson* v. *Forsberg,* 332 id. 266.) In a suit by the vendee for the specific performance of a contract for the sale of land the burden is not upon the vendor to show compliance with the terms of the contract but is upon the vendee to show performance on his part, or that he was ready, able and willing to do so but was prevented by the other party. *Gladstone* v. *Warshovsky, supra; Olson* v. *Forsberg, supra.*

In another respect the evidence clearly shows that the vendee failed to follow the specific requirements of the contract dealing with notice and therefore was not entitled to relief. By its terms sixty days were to be allowed to the vendor to cure defects in the title, the time beginning to run when the objections were submitted. The vendee was given ten days thereafter in which to take title as it stood,

provided written notice to that effect was served upon the vendor. The record fails to show any such written notice of election served by Mrs. Stagman upon Mrs. Lasson, and it is conceded that no such written notice to take the title as it stood was served. An opinion of title by the Chicago Title and Trust Company reciting certain objections thereto was submitted by the vendor to the vendee on April 7, 1928. The vendee thereafter repeatedly urged these objections as grounds for a $2000 reduction in the purchase price but gave no notice of any election to take the title as it stood. The contract specifically provided that in default of such written notice of election to perform, accompanied by tender, within the time limited, the purchaser was deemed to have abandoned all claim upon the premises without further action by either party and thereupon the contract should cease to have any force or effect. Since no written notice was served or attempted to be served, the contract expired by its own terms seventy days after the date the opinion of title was furnished, on April 7, 1928. Time was stated to be the essence of the contract. As was said by this court in *Kennedy* v. *Wilbur*, 335 Ill. 33: "The purpose of time limitations in a contract of this character is to avoid speculation by either the vendor or vendee on the rise or fall of the value of the property before choosing to perform, and where time is made the essence of the contract it is necessary for one seeking specific performance to show that he has done everything required of him within the time required." *Luebbe* v. *Kufke*, 335 Ill. 278; *Depue* v. *Cordell*, 327 id. 254; *Harris* v. *Eich*, 306 id. 303; *Kopeyka* v. *Woodstrom*, 305 id. 69.

It is apparent from the record that by the terms of the contract Mrs. Stagman, by failing to tender the remainder of the purchase price and by failing to serve written notice that she would accept the title to the property as it stood, within the time and manner specifically provided in the contract, forfeited all of her rights to a decree for specific

performance. In view of the above it becomes unnecessary for us to consider any of the other errors assigned by either of the parties.

The court erred in dismissing the defendant's cross-bill for want of equity and in awarding specific performance to the complainant. The decree is reversed and the cause remanded, with directions to the circuit court of Cook county to dismiss the complainant's bill for want of equity and to award relief under the cross-bill by decreeing the cancellation of the contract and removal of the cloud on appellee's title caused by the recording of the contract by the appellant. It is further directed that all costs be taxed against the appellant.

*Reversed and remanded, with directions.*