(No. 26076.—
Forest Preserve Real Estate Improvement Corporation, Appellee, *vs.* A. Parkin Miller, Appellant.

*Opinion filed March 19, 1942—Rehearing denied May 12, 1942.*

376

Farthing and Smith, JJ., specially concurring.

Hubbard, Baker & Rice, (Alvin Glen Hubbard, of counsel,) for appellant.

A. B. Manion, for appellee.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on leave to appeal granted to review a judgment of the Appellate Court for the First District, affirming a decree of the circuit court of Cook county which dismissed appellant's counterclaim and awarded the relief sought in appellee's complaint to remove, as a cloud on its title, a certain contract for purchase of real estate.

There is little dispute as to the facts. On June 16, 1926, appellee contracted to convey to appellant certain real estate, specifically described, upon payment in installments of the sum of $11,650 and the compliance with certain other

covenants of the contract hereinafter referred to. The contract was in the usual form as to provision for forfeiture in case of default by the vendee. Time was made the essence of the contract. Appellant made certain payments which were not, however, in compliance, as to amount or dates, with the terms of the contract, but were accepted by appellee and endorsed on the contract. It appears that by reason of certain improvements made on the premises the parties on April 1, 1929, entered into a new contract, cancelling the original, for the increased price of $15,385.75. This contract noted that the sum of $8140.93, paid under the former contract, and a further sum of $144.82, had been received by the vendor, the balance of $7100 to be paid at $100 per month with interest at six per cent per annum, payable monthly.

This contract provided that when the sum of $11,500 was paid appellee was to convey the property to the appellant and take back a mortgage for the balance. This contract also contained the usual provision for forfeiture and retention of payments made as liquidated damages, and gave right to the vendor to reenter and take possession of the premises in such case. The contract provided that it should not be filed of record in the office of the recorder of deeds or in any other public office.

Between the time of the making of the new contract and April 27, 1932, when the last payment was made, appellant had paid a total of $3546.77. No further payments were made thereafter, although, as appellee alleges, demands were made for payment. Such demands are not denied by appellant in his answer to the original claim or in the counterclaim which he filed, but in the latter he stated that although the contract was in arrears, appellee never, at any time prior to the date of serving the notice hereinafter referred to, indicated that it would insist on the provisions of the contract as to time of making payments and as to its right of forfeiture.

On September 15, 1936, appellee served upon appellant a notice that unless he paid the balance of the purchase price, all of which was then past due under the contract, amounting to $4440.69 principal and $1394.16 interest, and the taxes for the years 1931 to 1935, inclusive, on or before October 1, 1936, it would forfeit the contract and retain the amount paid as liquidated damages. Payment not having been made by appellant, appellee on October 13, 1936, served him with a declaration of forfeiture of the contract. Thereupon appellant voluntarily, on that date, surrendered possession. On January 9, 1937, he served upon appellee, by registered mail, a notice stating that appellee had repudiated the contract by wrongfully forfeiting it; that he had yielded possession of the premises voluntarily in order to avoid a contest and that by reason of the wrongful acts of appellee in so forfeiting the contract appellant regarded the contract as rescinded and no longer binding on either party.

Appellee filed its complaint in this case on October 6, 1938, praying that the contract be declared null and void and payments made forfeited to the appellee, that the contract be removed as a cloud upon its title, and that appellant be estopped from having any right of action against appellee on account of the contract. Appellant's answer admitted the allegations of the complaint with the exception as to his failure to make payments stipulated in the contract, and averred that the contract had been rescinded by mutual consent and so there was nothing due under it. Appellant also filed a counterclaim and two amended counterclaims, the second of which set out the contract, admitted that the counter-complainant was in arrears, averred that counter-defendant had waived strict compliance with the terms and conditions of the contract prescribing time as the essence thereof, and did not indicate prior to September 15, 1936, that it intended to resort to forfeiture to secure payment, thereby lulling appellant into the belief

that it would not resort to the strict terms of the contract. The amended counterclaim also alleged that October 15, two days after receipt of appellee's notice of forfeiture, appellant notified appellee that its notice was unconscionable and that if he were allowed two or three weeks he could and would pay the balance of the contract, but that appellee informed him the contract was no longer in force and effect and appellant had no right to the property. The amended counterclaim prayed for a decree of the court finding that the contract had been rescinded and that the money which had been paid by appellant should be returned to him.

Appellee's motion to strike the amended counterclaim was allowed and leave to file a third amended counterclaim was denied on the ground that appellant's pleadings indicated he could not state a good cause of action. The chancellor entered a decree declaring appellee to be the owner of the premises free of all claims of the appellant. The decree also declared that the contract should be removed as a cloud on the title of appellee. The Appellate Court affirmed this decree.

The errors assigned on the record raise two questions: (1) Did the counterclaim state a cause of action on the basis of a rescission of the contract? and (2) Did appellee's notice of intention and forfeiture comply with the terms of the contract so as to effectuate a valid forfeiture? Appellant's contention that the contract was rescinded, as claimed in his amended counterclaim, is based upon his notice to the appellee that since its notice of forfeiture was unreasonable he had the right to rescind the contract and thus did so, thereby giving him a right to sue for recovery of the money paid under the contract. The counterclaim contains no allegations that the appellee agreed or consented to the rescission. Rescission, to be effective, arises out of a mutual agreement or out of conduct of the parties from which such agreement may be presumed. Thus rescis-

sion may be effected when there is a breach by one party to the contract and the other party treats such breach as an abandonment of the contract, thereby authorizing him, if he chooses to do so, to disaffirm the contract. Thus the assent of both parties is deemed to have been sufficiently manifested, that of one by neglect and refusal to perform part of the contract, and the other by his suing, not for the breach but for the value of the act done or payment made by him under the contract as if the contract had never existed. *Smith* v. *Treat,* 234 Ill. 552; *Baston* v. *Clifford,* 68 id. 67; *Bannister* v. *Read,* 1 Gilm. 92.

Appellant argues that appellee's refusal to permit payment of the balance of the money after serving notice of forfeiture on him, and its statement to him that there was no contract, made a tender unavailing, and so appellee was in default and appellant had a right to declare a rescission. These statements in the counterclaim cannot be said to constitute an allegation that the minds of the parties met or that they had manifested an agreement to rescind the contract. The appellant was in default, and at no time was otherwise. The counterclaim does not allege any default on the part of appellee and it would be a strange doctrine which would permit a contracting party in default for years to regain his payments after a forfeiture had been declared against him on the ground that because he thought the forfeiture unreasonable he had a right to rescind the contract. Such does not constitute an agreement in effect to rescind. There is nothing to indicate that appellee was attempting to rescind. It was attempting to enforce the contract. Assuming the forfeiture was executed according to the terms of the contract, that forfeiture did not rescind, but terminated the contract.

Counsel argue that the notice of change of intention as to forfeiture and the forfeiture were unreasonable because appellee had waived the right to insist upon payment as provided in the contract, and so appellant had a right to

rescind. The rule is that a vendor may, by his conduct, waive his right to declare forfeiture of a contract of which time is the essence. (*Kissack* v. *Bourke,* 224 Ill. 352; *Monson* v. *Bragdon,* 159 id. 61.) Though the conduct of the vendor may not necessarily be an absolute waiver of the right, yet in a court of equity it amounts to a suspension of the right of forfeiture which can be resumed only by giving definite and specific notice of an intention to require performance of that feature of the contract. (*Fox* v. *Grange,* 261 Ill. 116; *Kissack* v. *Bourke, supra; Eaton* v. *Schneider,* 185 Ill. 508; *Watson* v. *White,* 152 id. 364.) The notice must be a reasonable one and a definite and specific notice of a changed intention. (*Eaton* v. *Schneider, supra; Monson* v. *Bragdon, supra.*) No comprehensive rule as to what constitutes a reasonable length of time to be given in a notice of such changed intention with reference to declaring a forfeiture of the contract can be laid down for the reason that each case is to be determined on its own particular facts. What is reasonable notice in one case may not be such in another. The contract under consideration here provided that appellee could declare forfeiture in case of non-payment of the purchase money according to the terms of the contract or failure to perform any of the covenants to be performed on the part of the vendee. That payments were not made according to the contract, is admitted. The forfeiture was declared in October, 1936. The last payment on this contract was made April 27, 1932. All payments had accrued and were long past due. If the time, specified in the notice, in which payment to avoid forfeiture was to be made, was a reasonable length of time under the circumstances of this case, and the declaration of forfeiture was made according to and in compliance with the contract, after expiration of the time given in the notice, such declaration put an end to the interest of the appellant as purchaser. *Lanski* v. *Chi-*

*cago Title and Trust Co.* 324 Ill. 367; *Peck* v. *Dyer,* 147 id. 592.

Equity will not declare a forfeiture upon a bill to remove a cloud on a title but will recognize the rights resulting from a forfeiture declared under a real estate contract. (*Lanski* v. *Chicago Title and Trust Co. supra; Lang* v. *Hedenberg,* 277 Ill. 368.) It is not claimed that there was, by appellee, a waiver of any provision of the contract other than that regarding times of payment. Final payment under the contract was due March 1, 1935. The notice of intention to forfeit, served on September 16, 1936, extended time of payment under the contract until October 1, 1936. Yet it is apparent from the pleadings in this case that appellant made no attempt either to comply with the demand of the notice or to request additional time for such compliance. He had had the use and enjoyment of the property without paying anything on his contract or paying taxes, for over four and one-half years. He made no protest about the length of time given him to make up these payments until two days after the declaration of forfeiture had been served upon him, and then gave no assurance that he would be able to pay the amount due.

*Lang* v. *Hedenberg, supra,* was a case somewhat similar on the facts. There were two contracts involved, in each of which time was made the essence of the contract. The purchaser paid $1000 on each contract. Substantial payments were also to be made within thirty days in one case and sixty days in the other. Neither payment was made according to contract. Some months thereafter the seller served on the purchaser a notice that unless payment amounting to $9000 on the two contracts be made on or before May 4, 1914, which was in about twenty-one days, the contract would be forfeited and the amount paid retained as liquidated damages. On May 5, 1914, the seller notified the purchaser of forfeiture, and in this court it was

argued that the notice was insufficient and unreasonable, and that the decree of the trial court was erroneous in holding otherwise. · In affirming the decree this court held that the seller had a right to declare a forfeiture under the contract. It was also held that even though the conduct of the vendor suspended temporarily his right to insist upon a forfeiture, the giving of the specific notice on April 13 of his intention to forfeit, furnished a proper basis for forfeiting the contract, citing *Monson* v. *Bragdon, supra,* and *Watson* v. *White, supra.*

In the case before us the appellee's notice of intention to forfeit was definite and specific. Appellant has not shown, and there is no allegation made in his counterclaim, that a longer time would have given him an opportunity to pay, except to say that he notified them after the forfeiture was declared, that he could pay up if he were given two or three weeks; but, as we have stated, he made no application for further time during the period of some twenty-seven days which he had to raise the money, and he, without objection, surrendered possession to the appellee. At no time until the filing of the counterclaim did he make any demand upon appellee for the return of the money or make the claim that there had been a rescission by agreement.

Appellant's counsel argue that the notice and the declaration of the forfeiture were wrongful and void and so he had a right to rescind the contract, and it is pointed out, as a reason therefor, that the notice for payment demanded payment of taxes, whereas appellant was not, under the terms of the contract, obliged to pay the taxes. We are unable to find anything in the contract which requires that appellant pay the taxes. In a rider to the contract it is provided that when a deed is made it shall be made subject to taxes and special assessments after a certain date specified therein. Appellee's counsel argue, however, that since one of the covenants to be performed by appellant was

that he would not suffer any mechanic's lien "or other lien" to attach to the property which would be superior to the rights of the appellee, it should be construed as requiring appellant to pay the taxes; and as he suffered liens for taxes to accumulate, appellee had a right to demand payment of them to avoid forfeiture. However, as has been observed, the contract nowhere provided that the vendee should pay the taxes and under the doctrine *ejusdum generis* the language "other lien" must be held to refer to liens of like character to mechanic's liens. We are of the opinion that appellee did not have a right to demand the payment of the taxes as a condition of avoiding forfeiture. However, no attempt was made by appellant to pay the sums of money admittedly in default. Had he done so, he would have been entitled under the contract to a deed subject to the taxes that had accumulated. The fact that appellee demanded more than it was entitled to receive, did not of itself render the forfeiture void. In *Montana Wheat Land Co.* v. *Northern Pacific Railway Co.* 308 Ill. 620, where the vendor's notice of intention to forfeit misstated the amount necessary to reinstate the contract, it was claimed that such misstatement gave the vendee a right to rescind the contract and demand the return of its money. This court, however, refused to sustain that contention, pointing out that the contract itself provided the measure of the payment necessary for reinstatement, and the appellant, by tendering that amount within the time prescribed by the notice, would have been able to avoid forfeiture, and the fact that a vendor may demand, in his notice of forfeiture, more than he is entitled to, will not defeat the forfeiture; but if the forfeiture notice contains one matter on which he is entitled to give notice of forfeiture, such notice is good. This appears to be the general rule. (*Gibson* v. *Thode,* 209 Iowa, 368, 228 N. W. 91; *Harris* v. *Seattle Land and Improvement Co.* 122 Wash. 323, 211 Pac. 282; *Adams and McKee Land Co.* v. *Dugan,* 68

Cal. App. 226, 228 Pac. 681.) Again, in *Sriro, etc.* v. *Dunn,* 265 Mich. 112, 251 N. W. 370, it is held that an attempt to obtain a remedy by forfeiture did not constitute a rescission. We are of the opinion that forfeiture in this case did not give appellant a right to rescind. The chancellor did not err in dismissing the counterclaim and the Appellate Court was right in affirming that part of the decree.

The question then arises whether the forfeiture was effected in accordance with the terms of the contract by the notice of forfeiture served October 13, 1936. The contract provided in paragraph 9 that in case of failure of appellant to make payments and keep the covenants of the contract, the contract shall "at the option of the party of the first part, be forfeited and determined," and the payments made shall be retained as liquidated damages and the vendor shall have the right of reentry. Paragraph 10 of the contract provides: "In the event this contract or agreement shall be declared null and void by the party of the first part on account of any default, breach or violation by the party of the second part in any of the provisions hereof, the same shall become and be null and void and be so conclusively determined by the filing by the party of the first part of a written declaration of forfeiture hereof, in the Recorder's Office of Cook County, Illinois."

It will be noted that this paragraph provides that the contract, in event it shall be declared void, "shall become null and void and be so conclusively determined" by filing a written declaration of forfeiture thereof in the recorder's office. Appellee did not comply with this provision of the contract. Forfeitures are not favored in courts of equity and to be effective must be made in strict conformity with the contract. To hold that the declaration of forfeiture served on appellant was, of itself, sufficient to determine the contract, would be to approve a mode of forfeiture not agreed to by the parties to that contract. We are of the

opinion that the circuit court erred in holding that there had been a completed forfeiture under the contract, and that the Appellate Court erred in affirming that part of the decree.

The decree of the circuit court also removed the contract as a cloud on appellee's title. The contract was never recorded. Paragraph 7 thereof provided that it should not be. A court of equity will not decree the removal of an unrecorded contract as a cloud on the title for the very simple reason that being unrecorded it is not and never was a cloud on title. (*Allott* v. *American Strawboard Co.* 237 Ill. 55; *Parker* v. *Shannon,* 121 id. 452; *Howe* v. *Hutchison,* 105 id. 501.) Though appellee is entitled, on reasonable demand that appellant pay the balance of the purchase price, and on his failure so to do, to forfeit this contract in the manner prescribed by it, it has not done so.

The decree of the circuit court in so far as it struck appellant's counterclaim, and the judgment of the Appellate Court affirming that part of the decree, are affirmed. As to the remainder of such decree and judgment, they are reversed, and the cause is remanded to the circuit court with directions to dismiss the complaint.

*Affirmed in part, reversed in part*
*and remanded, with directions.*

FARTHING and SMITH, JJ., specially concurring:

We agree with the result but not with all that is said in the opinion. As we view it, appellee could not waive the monthly payments required by the contract, which the record clearly shows he did, and then wait until all the payments were due and give a notice on September 15 that unless appellant paid the whole sum due under the contract, with all delinquent taxes, by October 1, the contract would be forfeited. Under the circumstances shown in the record, the time fixed for such payment was clearly unreasonable.

Appellee followed that notice on October 13 with a declaration of forfeiture and refused to give appellant two

388

or three weeks' time, requested by him, within which to pay the whole amount due. This placed appellee in the position of having illegally declared a forfeiture of the contract. Under such circumstances appellant had the right to consider the contract wrongfully terminated and rescinded by appellee. In view of this the cross-complaint properly stated a cause of action and it was erroneously stricken.