(No. 35416.—

Delbert L. Lovins *et al.*, Appellees, *vs.* Elwood D. Kelley *et al.*, Appellants.

*Opinion filed March 31, 1960.*

FRANCIS R. WILEY, of Decatur, for appellants.

HENSON, MORTHLAND & HENSON, of Decatur, for appellees.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Macon County ordering specific performance of a contract for the sale of real estate. A freehold is involved.

The defendants, Elwood D. and Edna E. Kelley, husband and wife, owned a four-acre tract, improved with a dwelling house and garage, a short distance east of Decatur. The plaintiff, Delbert L. Lovins, and Iowa S. Lovins, his wife, were in possession of the premises under a rental arrangement. On August 6, 1954, they entered into and executed an agreement for warranty deed whereby defendants agreed to sell the premises to the plaintiff and his wife, as joint tenants, for a consideration of $6,000. A down payment of $1,000 was acknowledged and the balance was to be paid in installments of $50 per month payable on the 5th day of each successive month to a bank for the account of the sellers. The defendants later deposited a warranty deed with the bank for delivery to the plaintiff and his wife upon full compliance with the provisions of the contract. The agreement contained the usual covenants including the manner of termination in the event of default.

Lovins made six monthly payments, then was hospitalized for six weeks and failed to make the March and April, 1955, payments. Defendants notified the bank to

accept no further payments, prepared and attempted to serve a written notice of their election to declare a forfeiture and thereafter refused to accept installment payments or payment in full. In May, 1955, Lovins filed suit for specific performance of the agreement, which resulted in the decree appealed from.

In our original opinion we held plaintiff's wife to be a necessary party and reversed on that ground. The petition for rehearing contained an entry of appearance of the wife, now Iowa S. Pettit, submitting herself to the jurisdiction of this court, acknowledging that she is bound by the agreement in question, and consenting to any order that may be entered in this cause. The petition has been allowed, and her name added as a party plaintiff under section 92 of the Civil Practice Act. Ill. Rev. Stat. 1957, chap. 110, par. 92.

It is asserted that plaintiffs were in default, that defendants had the right to declare a forfeiture and that they did declare a forfeiture prior to any offer of payment on behalf of plaintiffs. The contract provided that if any installment remained due for a longer period than 30 days, the sellers had a right to treat the contract as terminated, and that a written notice served upon buyer of the forfeiture was to be sufficient evidence of their election to forfeit. There was a further provision that in case the buyer's address was unknown a written notice served upon the occupants of the premises or posted thereon, was to be sufficient notice of the election.

A verbal notice was given to the trust department of the bank on April 6, 1955, to receive no further payments on the contract. A written notice to that effect was executed and delivered to the bank on April 9. It is undisputed that an $80 payment was offered to the bank on April 7 but refused because of the oral directions of defendants. Furthermore, the record shows that an offer was made upon behalf of the plaintiffs to pay the entire balance due under the contract on April 8.

A notice of forfeiture addressed to the buyers was dated April 6, 1955. It was never served upon either the plaintiff, Delbert L. Lovins, or the additional plaintiff, Iowa S. Pettit. Defendants contend that they served the notice by delivering a copy to Harold Bennett and his wife, who were living on the premises. There is a dispute as to the date, but we think that unimportant. Notice of forfeiture was to be served on the buyers, and was to be served upon the occupants of the premises only if the buyer's address be unknown. The defendants made no genuine effort to ascertain plaintiffs' whereabouts. On the contrary, they refused to accept information when tendered. Mrs. Kelley, the only one who testified as to service of the notice, asked the Bennetts where Mr. Lovins was. Mrs. Bennett, who was ill, offered to get up and get a telephone number, but the Kelleys replied that it was unnecessary and that the "paper" could be given to Bennett.

Courts of equity recognize the right of competent parties to incorporate nonpayment forfeiture provisions in their contracts, including the method of service of notice, but forfeitures will be allowed only where the right is clear and unequivocally shown, (*Kingsley* v. *Roeder,* 2 Ill.2d 131,) and the exercise of that right properly declared. *McDonald* v. *Bartlett,* 324 Ill. 549; *Lang* v. *Hedenberg,* 277 Ill. 368.

In this case, while there was a "time is of the essence" clause in the agreement, a forfeiture could be declared only after default in payment of longer than 30 days. Furthermore, the election to forfeit could not be made just in the minds of the sellers, but any such election was to become effective only following notice to the buyers. The notice here was ineffectively served under the terms of the agreement.

Defendants contend that plaintiffs are not entitled to specific performance because they failed to show performance on their part. A person seeking specific performance

normally must prove his own compliance; but if his compliance is prevented by the other party he need only show that he was ready, willing and able to perform. (*Brubaker* v.*Hatjimanolis,* 404 Ill. 342; *Stagman* v. *Lasson,* 345 Ill. 482; *Runkle* v. *Johnson,* 30 Ill. 328.) Here we have a situation where the full balance on the contract was offered to the escrow bank prior to the service of notice of election to declare forfeiture, but payment was prevented by defendants' instructions to the bank to refuse any further payments.

Defendants insist however, that because payment was offered by persons other than the plaintiffs that no valid tender was made. Plaintiffs' complaint pleads willingness to pay the balance due under the contract and the evidence supports their ability to do so, which is all that is required under the circumstances existing here. See: *Bonde* v. *Weber,* 6 Ill.2d 365; *Moehling* v. *Pierce,* 3 Ill.2d 418; *Laegeler* v. *Bartlett,* 10 Ill.2d 478.

The next contention is that assignments of the contract have been made in violation of the nonassignment provision of the contract. The instruments show that they were separate contracts to sell parts of the premises, if, as and when plaintiffs acquired title to the entire tract, and in no way bound the defendants nor released plaintiffs from their agreement.

Finally, we see no merit in defendants' contention that the decree fails to properly compute the amount due them.

The decree of the circuit court of Macon County is affirmed.

*Decree affirmed.*