(No. 37695.—

Myrtle Lorraine Kelly, Appellant, *vs.* Germania Savings and Loan Association, Appellee.

*Opinion filed September 27, 1963.*

A. ALAN HART, of Alton, for appellant.

O'NEILL & O'NEILL, of Alton, (SCHAEFER O'NEILL, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an action by the plaintiff, Myrtle Lorraine Kelly, against the defendant, Germania Savings and Loan Association, seeking in the alternative specific performance of a real-estate contract, or a declaration that the contract is an equitable mortgage. After hearing, the trial court entered a decree for the defendant, and plaintiff appeals directly to this court, a freehold being involved.

On October 21, 1958, the plaintiff and her then husband purchased the real estate in question and gave defendant a first mortgage for $9,355.80. In August of 1959, plaintiff obtained a divorce from her husband, and on September 11, 1959, plaintiff's former husband conveyed all his interest in the premises to the plaintiff. Thereafter payments on the mortgage to the defendant became several months delinquent and plaintiff consulted with the defend-

ant's agents in an effort to save her property. As a result of these negotiations, on March 16, 1960, the plaintiff conveyed the premises to the defendant association in consideration of the cancellation of the note and mortgage. Plaintiff and defendant then entered into a contract for deed dated March 17, 1960, whereby plaintiff agreed to repurchase the real estate by contract for a price of $9,823.69 with interest payable at a rate of 7% on the unpaid balance.

Thereafter plaintiff made some payments on the contract but again became delinquent. On January 4, 1961, the defendant sent a letter to plaintiff which read as follows:

"The payments on the above contract account have become delinquent to the extent that forfeiture proceedings will be instituted unless your payments are brought up to date on or before January 11, 1961.

"If you wish to avoid this litigation, it will be necessary to make satisfactory arrangements at our office prior to January 11."

Thereafter on January 13 or 14, 1961, the house on the real estate was substantially damaged by fire. On January 25 the plaintiff tendered as the entire delinquency on the property the sum of $402. Thereafter on January 27, the defendant executed and mailed to plaintiff a notice of forfeiture, stating that the Board of Directors of defendant elected to forfeit the contract on January 13, 1961, for failure to make monthly payments. On the same day defendant returned the $402 stating that the contract had been previously forfeited. Subsequent tenders of monthly payments by the plaintiff have also been refused on the basis of a prior forfeiture. The defendant, without notice to the plaintiff, conducted settlement negotiations with the insurance carrier for the fire loss and received an insurance settlement of $8,686.86.

Plaintiff brings the present action seeking specific performance of the contract and in the alternative asks that the transactions between the parties be construed as a mort-

gage giving the plaintiff the right of redemption. Defendant argues that there has been a proper forfeiture of the contract.

At the outset we find that plaintiff's suggestion that the transaction between the parties be construed as an equitable mortgage is untenable. The record discloses no fraud or overreaching on the part of defendant. The conveyance to defendant was given in consideration of the cancellation of the substantial obligation of both plaintiff and her husband, and no liability remained subsisting. The discharge of the prior mortgage of plaintiff and her husband and the execution of a new contract between defendant and plaintiff, alone, were understandingly entered into. Under the facts of this case there is no such equity as would require the transaction to be declared an equitable mortgage.

In considering the question of specific performance, the forfeiture provisions of the contract must be considered. The contract provides as follows:

> "#14. It is further mutually agreed by and between the parties hereto that upon the failure of the Second Party to comply with any of the terms and covenants herein contained, First Party shall have the right to re-enter and repossess and to cancel this contract and to take possession of the aforesaid and described premises, and, in such event First Party shall have the right to treat all payments made and any and all improvements made thereon by Second Party to date, as rent and as agreed and liquidated damages, and a written notice served on Second Party, her heirs, representatives or assigns, of such forfeiture and election to re-enter and regain possession of said premises, or filed in the office of the recorder of Deeds of Madison County, Illinois, shall be sufficient evidence of such election, forfeiture, re-entry, and cancellation of this contract."

It is clear that defendant's letter of January 4, 1961, was not a notice or election to forfeit, but on the contrary was a waiver of a right to forfeit until at least January 11, 1961. There is no other evidence of an election to declare a forfeiture until defendant's letter of January 27, 1961. Defendant alleged that they had previously forfeited the contract by action of their board of directors on January 13,

1961, but this allegation is denied, and no proof was introduced regarding any board action.

It is clear that competent parties may incorporate forfeiture provisions in their contracts, including provisions for notice, but such right of forfeiture must be properly declared. (*McDonald* v. *Bartlett*, 324 Ill. 549; *Heald* v. *Wright*, 75 Ill. 17, 23; 17A C.J.S. sec. 408, p. 897.) The present contract provided that written notice of forfeiture, or the recording of the same would be sufficient evidence of forfeiture. In *Lovins* v. *Kelley*, 19 Ill.2d 25, we held that such language provided the sole means of declaring a forfeiture. The election to forfeit cannot rest in the breast of the seller, but must be communicated to the buyer in the manner provided in the contract. *Lovins* v. *Kelley*, 19 Ill.2d 25, 28.

We, therefore, hold that defendant did not exercise its right of forfeiture until January 27, 1961. However, it is admitted that plaintiff had made a tender on January 25, 1961, of an amount sufficient to bring her payments up to date together with all penalties and interest. Plaintiff was, therefore, not in default on January 27, and we hold that defendant's attempted forfeiture was invalid. Since all subsequent tenders have been refused, the plaintiff cannot now be considered in default.

Defendant has also received a fire insurance settlement arising out of damage to the premises in the amount of $8,646.86, and such sum must be credited on the contract which is still in full force and effect. After such credit, plaintiff is entitled to specific performance upon payment of the entire balance due on the contract. Plaintiff pleads a willingness to pay the balance due, and the evidence supports her ability to do so. Plaintiff, therefore, is entitled to specific performance upon payment of the balance due. *Lovins* v. *Kelley*, 19 Ill.2d 25.

The decree of the trial court must, therefore, be reversed and the cause remanded with instructions to compute

the balance due on the contract after crediting the amount paid on the fire insurance claim, and to enter a decree of specific performance according to the terms of the contract, conditioned upon plaintiff's tender of the balance due.

*Reversed and remanded, with directions.*