2 Ill. App.3d 163 (1971)
276 N.E.2d 56
CHRISTINE E. HARTMAN, Plaintiff-Appellee,
v.
ARLIE A. HARTMAN, et al., Defendants,  (Gerald Rolaff, Defendant-Appellant.)
No. 54046.
Illinois Appellate Court  First District.
October 22, 1971.
*164 J. Edward Jones, of Blue Island, for appellants.
Korean Movsisian, of Chicago, for appellee.
Judgment affirmed and cause remanded.
Mr. JUSTICE LORENZ delivered the opinion of the court:
This is a suit for partition and for specific performance of a real estate sale contract. Judgment was for the plaintiff. This appeal is brought by Gerald Rolaff, "defendant" herein.
Plaintiff filed her original complaint on April 23, 1968. That complaint, insofar as pertinent to this appeal, named as defendants her former husband, Arlie A. Hartman, and Gerald Rolaff, vendor of a parcel of real estate under a contract with plaintiff and Arlie A. Hartman as purchasers. The relief demanded was a partition of the subject real estate; an accounting by Arlie A. Hartman of all receipts and rents pertaining to the property; the appointment of a receiver for the property during the pendency of the suit; and any other equitable relief the court might find appropriate.
*165 Attached to the complaint was a copy of the decree of divorce terminating the marriage of plaintiff and defendant Arlie Hartman which declared, inter alia, that plaintiff and Arlie Hartman contracted for the purchase of the subject property as joint tenants. On May 6, 1968, the court appointed William L. Randall as receiver of the property. On July 9, 1968, Rolaff's attorney made written demands upon plaintiff and Arlie A. Hartman for payments past due upon the contract. On July 19 Rolaff filed a motion to dismiss the complaint on the ground that plaintiff was without such an interest in the land as would entitle her to partition. On August 14 the court entered an order allowing defendant to amend his motion to dismiss and allowing plaintiff to file her second amended complaint. In her amendment which consisted of an additional count, plaintiff alleged a conspiracy between defendants Hartman and Rolaff to deprive plaintiff of her interest in the subject property. The substance of that conspiracy was alleged to be as follows: Rolaff advised Arlie Hartman during the divorce proceedings that no land payments need be made "until the entire matter and the property was disposed of." Arlie Hartman had then closed his bakery business which had been operated on the subject property. He further refused to pay alimony and child support as ordered in the divorce decree with the knowledge that plaintiff would, as a consequence, be unable to make the payments required by the contract. Rolaff on July 9, 1968, then demanded prompt payment and on August 12, 1968, served plaintiff with a notice of forfeiture. Plaintiff further alleged that the value of the property was in excess of $21,000, that approximately $4,000 remained owing on the contract and that defendant Rolaff was well secured. The relief requested was that defendant Rolaff be enjoined from forfeiting the contract; that defendant Hartman be required to account for all receipts and disbursements and to make rental payments for the period 1958 to 1968; and, that the property be sold, defendant Rolaff be given the sum due him and the balance divided betwen plaintiff and Arlie Hartman.
On August 20, 1968, Rolaff filed his answer to plaintiffs' second amended complaint denying any conspiracy and denying that the value of the property was in excess of $21,000, and re-asserting his motion to dismiss. On August 21 plaintiff tendered in open court $4,368.86 and demanded delivery of a deed. Rolaff refused to accept the tender and deliver the deed.
On September 17, 1968, the court began to hear evidence. On September 30, plaintiff amended the second count of her complaint by adding the following allegations: that Rolaff and defendant Hartman are related by marriage; that Rolaff was employed by defendant Hartman *166 in the bakery operated on the subject property; that defendant Hartman and Rolaff were and remained on friendly terms and in constant communication; that though Rolaff knew that plaintiff no longer lived with defendant Hartman he did not advise her that payments were not being made; that the notice of intent to forfeit was a result of collusion of the parties; and that plaintiff had tendered the amount due and continued the offer of tender. Finally, plaintiff asked for specific performance of the contract. On December 2, 1968, Rolaff filed his answer to plaintiff's amended complaint denying the allegations of collusion.
After hearing the evidence the court on January 21, 1969, entered a decree directing defendant to deliver a warranty deed to the receiver for redelivery to plaintiff upon payment of the amount due under the contract. On February 18, 1969, Rolaff filed his notice of appeal. Subsequently, on May 28, 1969, plaintiff filed a petition alleging, inter alia, that Rolaff had on November 9, 1961, conveyed the subject property in trust to the Pullman Trust and Savings Bank and that his representations in pleadings and testimony through the course of this suit to the effect that he was the sole owner of the subject property were false and fraudulent. Plaintiff alleged that she was obligated for additional legal and attorney's fees. She therefore demanded that Rolaff be ordered to instruct Pullman Trust and Savings to convey title to her and that Rolaff be required under Section 41 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 41) to pay the costs and fees she incurred as a result of Rolaff's false pleadings. On the motion of Rolaff the court decided that it no longer had jurisdiction and ordered plaintiff to withdraw her motion for Section 41 relief and to file it with this court.

Opinion
On appeal defendant contends that the trial court erred in: (1) denying his motion to dismiss the complaint; (2) appointing a receiver for the subject property; (3) requiring an appeal bond in the amount of $25,000; and (4) granting plaintiff specific performance of the contract. Additionally, plaintiff on appeal requests this court to grant her relief under Section 41 of the Civil Practice Act.
 1, 2 (1) Defendant's motion to dismiss the complaint under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 48) asserted that plaintiff lacked such an interest in the subject property as would permit her to maintain a suit for partition. Defendant's supporting affidavit indicated that plaintiff was without legal title and that her only interest in the property was through the contract to purchase. However, when the cause came to trial after amendments of pleadings by all parties and the filing of an answer by defendant, plaintiff again *167 amended her complaint to include a prayer for specific performance. That amendment permissibly combined actions for specific performance and partition (See Kirk v. Kirk (1927), 325 Ill. 296.) It is not argued by defendant that the amended complaint seeking specific performance was subject to attack under section 48. We therefore conclude that the court properly denied defendant's motion to dismiss.
 3 (2) Defendant's second contention on appeal is that the imposition of a receivership deprived defendant of property in violation of sections 2 and 19 of Article II of the Illinois constitution and the Fourteenth Amendment to the constitution of the United States. We do not find merit in defendant's argument. The receiver was appointed in response to plaintiff's former husband, co-purchaser with plaintiff of the subject real estate. The property was at that time in the possession of Arlie Hartman, who, according to the allegations of plaintiff's complaint, occupied a portion of the premises and collected rent from another portion but refused to account therefor to plaintiff. Since possession of the property was not in defendant the record does not suggest nor does defendant indicate in his argument the property right in which he was injured by the imposition of the receivership. We find no error in the appointment of the receiver.
 4 (3) Defendant next contends that the court erred in ordering supersedeas bond in the amount of $25,000. Defendant argues that this amount was excessive for the reason that it exceeded the value of $21,784 at which plaintiff's expert appraised the property. We do not find that the amount of the bond as fixed by the court was excessive. See Ellison v. Thomason (1929), 243 Ill. App. 358.
 5 (4) Defendant's final contention is that the court erred in granting the plaintiff specific performance. Defendant argues that the interests of plaintiff under the articles of agreement were forfeited by defendant when on August 12, 1968, he served her with notice of his intent to forfeit for a 23-month failure to make payments.
Paragraphs 9 and 10 of the Articles of Agreement state as follows:
"9. And in case of the failure of the Purchaser to make any of the payments, or any part thereof, or perform any of the covenants hereof on Purchaser's part hereby made and entered into, this contract shall, at the option of the seller, be forfeited and determined, and the purchaser shall forfeit all payments made on this contract, and such payments shall be retained by the said seller in full satisfaction and as liquidated damages by seller sustained, and in such event the seller shall have the right to re-enter and take possession of the premises aforesaid.
"10. In the event this contract or agreement shall be declared null *168 and void by the seller on account of any default, breach or violation by the purchaser in any of the provisions hereof, the same shall become and be null and void and be so conclusively determined by the filing by the seller of a written declaration of forfeiture hereof, in the Recorder's Office of said County."
The record indicates that defendant did not file a declaration of forfeiture with the Recorder's office as provided in paragraph 10, but instead only served upon plaintiff notice of his intent to forfeit. Defendant contends that that notice was proper and sufficient regardless of the procedure specified in the agreement. This issue was before the court in Forest Preserve Real Estate Improvement Corporation v. Miller (1942), 379 Ill. 375, in which the court stated at 386:
"It will be noted that this paragraph provides that the contract, in event it shall be declared void, `shall become null and void and be so conclusively determined' by filing a written declaration of forfeiture thereof in the recorder's office. Appellee did not comply with this provision of the contract. Forfeitures are not favored in courts of equity and to be effective must be made in strict conformity with the contract. To hold that the declaration of forfeiture served on appellant was, of itself, sufficient to determine the contract, would be to approve a mode of forfeiture not agreed to by the parties to that contract."
We think that the steps taken by defendant to enforce a forfeiture were insufficient because they were not in compliance with procedure required by the contract.
 6 Finally, we turn to plaintiff's petition for relief under Section 41 of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 41). Plaintiff alleges that false representations of defendant indicating his continued ownership of the subject property have resulted in additional substantial attorney's and legal fees. We find that, under the circumstances of this appeal, the filing of this petition was timely, and the cause is therefore remanded to the circuit court for hearing and a determination of appropriate disposition. See Brooks v. Goins, 81 Ill. App.2d 12, 20-22.
Judgment affirmed and cause remanded with directions.
ENGLISH, P.J., and DRUCKER, J., concur.