DOUGLAS S. TOBIN *et al.*, Plaintiffs-Appellees, *v.*
KENNETH J. ALEXANDER, Defendant-Appellant.
Second District    No. 77-63

Opinion filed August 25, 1978.

John F. Early, of West Dundee, for appellant.

Lewis W. Terlizzi, of Brittain, Ketcham, Strass, Terlizzi & Flanagan, of Elgin, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

On May 31, 1974, plaintiffs entered into a written contract to sell an apartment building in Elgin, Illinois, to the defendant for the price of $29,000. Defendant paid $5000 down with the balance payable in installments of $200 per month for five years with a final balloon payment due at that time. Defendant made the payments as required by the contract but on March 23, 1976, there was a fire which badly damaged the apartment building. On June 2, 1976, the company which had insured the property cancelled the policy. On June 4, 1976, plaintiffs sent defendant a letter stating that if defendant did not immediately procure insurance for the building a forfeiture of the contract would be declared. On June 30, 1976, plaintiffs filed this suit which prayed, among other things, for a declaration of forfeiture of the contract and also a forfeiture of all payments made by defendant under the contract. Inasmuch as the facts were basically undisputed by the parties, they agreed to submit the action for decision of the court based on the briefs to be filed. Defendant filed his brief within the time allotted and the trial court initially decided to enter judgment in favor of defendant. Prior to the actual entry of an order, however, the plaintiffs petitioned the court to reconsider the decision and thereafter filed their own brief. The court decided to accept plaintiffs' arguments and entered judgment in favor of plaintiffs. Defendant appeals.

Defendant raises the following issues for our consideration: (1) whether plaintiffs followed the proper procedure in declaring a forfeiture of the contract; (2) whether plaintiffs waived their right to declare a forfeiture by continuing to accept payments on the contract; and (3) whether a court of equity should refuse to grant a forfeiture because plaintiffs have suffered no economic loss.

For the purposes of this appeal the following paragraphs of the contract are important.

"9. Purchaser shall keep all buildings at any time on the premises insured in Seller's name at Purchaser's expense against loss by fire, lightning, windstorm and extended coverage risks in companies to be approved by Seller in an amount at least equal to the sum remaining unpaid hereunder, which insurance, together with all additional or substituted insurance, shall require all payments for loss to be applied on the purchase price, and Purchaser shall deliver the policies therefor to Seller.

10. If Purchaser fails to pay taxes, assessments, insurance premiums or any other item which Purchaser is obligated to pay hereunder, Seller may elect to pay such items and any amount so paid shall become an addition to the purchase price immediately due and payable to Seller, with interest at eight per cent per annum until paid.

11. In case of the failure of Purchaser to make any of the payments, or any part thereof, or perform any of Purchaser's covenants hereunder, this agreement shall, at the option of Seller, be forfeited and determined, and Purchaser shall forfeit all payments made on this agreement, and such payments shall be retained by Seller in full satisfaction and as liquidated damages by Seller sustained, and in such event Seller shall have the right to re-enter and take possession of the premises aforesaid.

12. In the event this agreement shall be declared null and void by Seller on account of any default, breach or violation by Purchaser in any of the provisions hereof, this agreement shall be null and void and be so conclusively determined by the filing by Seller of a written declaration of forfeiture hereof in the Recorder's office of said County.

* * *

15. The remedy of forfeiture herein given to Seller shall not be exclusive of any other remedy, but Seller shall, in case of default or breach, or for any other reason herein contained, have every other remedy given by this agreement or by law or equity, and shall have the right to maintain and prosecute any and every such remedy, contemporaneously or otherwise, with the exercise of the right of forfeiture, or any other right herein given."

We turn first to the question of whether plaintiffs followed the proper procedure to declare a forfeiture of this contract. It is undisputed that plantiffs never filed a written declaration of forfeiture in the recorders office of Kane County in which the property was situated. Therefore, defendant argues that there was never a proper forfeiture of the contract. Plaintiffs take the position that the remedy they are seeking is under paragraph 15 of the contract, which they attempt to style as a declaration

of the rights of the parties under the contract. In this regard plaintiffs argue first that the mere filing of a declaration of forfeiture with the recorder of deeds would not have been sufficient to protect their interests in the property. They urge that there had been no settlement of the insurance loss, the building was uninsured, the city was threatening to condemn the building and have it destroyed because of its delapidated condition and further that the mortgagee of the building was also threatening to foreclose. Plaintiffs also urge that we should consider the fact that under the procedure that the plaintiffs elected to follow herein, the defendant actually received better notice than under the contract and had the further opportunity to contest any matters which he so desired in the circuit court. In support of their arguments plaintiffs cite various cases having to do with the general law concerning the sufficiency of notice and other cases which specifically deal with notice under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 8—102).

■■ ■ While we have no dispute with any of the general law cited by plaintiffs concerning the sufficiency of notice, we find that none of those cases are applicable to this factual situation. The law which is applicable herein is that which deals with declaring forfeitures under installment real estate sales contracts. We consider the law well settled that under this type of contract the proper method of declaring a forfeiture is to follow the provisions in the contract. (*Kelly v. Germania Savings & Loan Association* (1963), 28 Ill. 2d 591, 192 N.E.2d 813; *Lovins v. Kelley* (1960), 19 Ill. 2d 25, 166 N.E.2d 69.) *Forest Preserve Real Estate Improvement Corp. v. Miller* (1942), 379 Ill. 375, 41 N.E.2d 526, and *Hartman v. Hartman* (1971), 2 Ill. App. 3d 163, 276 N.E.2d 56, involved real estate contracts with provisions substantially similar to paragraphs 11 and 12 herein. In both cases the seller of the property failed to follow the procedures set forth in the contract and the courts held that the actions taken were insufficient to declare a forfeiture. While it is true that paragraph 15 of the instant contract gives the seller the right to assert any alternative remedies that he may desire, it does not give him the right to declare a forfeiture in a manner not set forth in the contract. It is clear to us that that is exactly what the seller is attempting to do. He has at all times requested a declaration of forfeiture, including the forfeiture of all of defendant's payments, and indeed the final order entered by the trial judge declares such a forfeiture. We find no merit to the plaintiffs' assertions that this is some unrelated sort of declaratory judgment and not a forfeiture. We are also not persuaded that the circumstances facing plaintiffs herein were so extreme that they could not file one paper with the recorder of deeds. While we agree that such action alone might not immediately solve all the problems facing plaintiffs, we cannot see how it

could have harmed plaintiffs' position. Inasmuch as plaintiffs failed to follow the extremely simple procedures set forth in this contract, the trial court erred in declaring a forfeiture.

In view of this conclusion we need not reach defendant's other two arguments. In view of the peculiar posture in which this case reaches us, however, we deem it necessary to discuss certain matters which have occurred subsequent to the filing of the notice of appeal herein.

Pending appeal, the parties entered into a stipulation to sell the premises in question, apparently in their damaged condition, to a third party. The proceeds of this sale, according to the information received from the parties at oral argument, have been used to pay off the existing mortgage on the property as well as all closing costs with the remainder of those funds being deposited in an escrow account. Also in that escrow account are the proceeds of the settlement with the fire insurance company. Therefore, essentially this case is now a suit to determine who will receive how much of the escrow money. It is clear to us that under normal circumstances paragraph 9 of the contract would require that the proceeds of the insurance settlement be paid to plaintiffs to be applied on the purchase price. This is also in accordance with the general law governing such situations. (*White v. United States Fidelity & Guaranty Co.* (1974), 21 Ill. App. 3d 588, 316 N.E.2d 131; *Marbach v. Gnadl* (1966), 73 Ill. App. 2d 303, 219 N.E.2d 572.) Inasmuch as there was never a proper declaration of forfeiture of this contract before the sale to the third party, the plaintiffs herein are not entitled to receive any more than the $29,000, plus appropriate interest provided for in the original contract of sale. Thus, we remand this case to the trial court to determine the relative interests of the parties in the remaining funds in the escrow. The trial court is directed to subtract from the contract price the defendant's down payment, all payments made by him on principal and also the amount used to pay off the mortgage on the property. The seller is to receive from the escrow funds the amount, if any, necessary to provide him with a $29,000 total, plus earned interest. The defendants are to receive the remaining funds in the escrow.

Reversed and remanded with instructions.

SEIDENFELD, P. J., and BOYLE, J., concur.