VITTORE BOCCHETTA, Plaintiff-Appellant and Cross-Appellee, *v.* JAMES McCOURT, Defendant-Appellee and Cross-Appellant.

First District (1st Division)   No. 82—1934

Opinion filed June 6, 1983.—Rehearing denied July 11, 1983.

Robert Handelsman, of Robbins, Coe, Rubinstein & Shafran, Ltd., of Chicago, for appellant.

John Kneafsey, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiff (Vittore Bocchetta) filed suit to recover $10,000 paid under an installment agreement for warranty deed (agreement). The circuit court of Cook County entered judgment in favor of defendant (James McCourt) and plaintiff appeals.

The following issues are presented by this appeal: (1) whether plaintiff's default terminated the agreement; (2) whether defendant's acts were sufficient to declare a forfeiture; (3) whether plaintiff was entitled to treat defendant's actions of undertaking to sell the real property to a third party prior to perfecting the forfeiture as an offer to rescind the agreement; and (4) whether an offer to rescind the agreement would enable plaintiff to recover his downpayment plus post-judgment interest.

In his cross-appeal, defendant contends that the trial court erred in denying his petition for attorney fees.

We reverse and remand with instructions.

On February 1, 1978, plaintiff and defendant entered into an installment agreement for warranty deed (agreement). The agreement provided, in part, that plaintiff would purchase the real property (property) located at 833-839 North Dearborn Street, Chicago, for $320,000. Ten thousand dollars was payable immediately. Possession was to be delivered to plaintiff on February 28, 1978, upon payment of the second installment of $85,000. The remaining balance of $225,000 was due on or before February 27, 1981. The agreement further provided that if plaintiff failed to make the payments as required, such payments would be forfeited at defendant's option. To perfect the forfeiture, defendant was required to file a written declaration of forfeiture with the recorder's office.

Plaintiff made the initial payment of $10,000. However, he failed to tender the additional sums due under the agreement. After defendant sold the property to a third party, plaintiff filed this action to recover the $10,000 he had paid pursuant to the agreement.

At trial, the following evidence was produced. Defendant testified that he had received information concerning plaintiff's inability to make the February 28, 1978, payment. He was prepared to deliver possession to plaintiff on that date and was present at the title company to close the transaction. However, plaintiff did not appear at the closing because he did not have sufficient funds to make the payments. Thereafter defendant placed the property on the market. He received an offer and entered into a contract for sale with a third

party. The record indicates that on April 14, 1978, defendant sold the property.

Mr. Solomon represented plaintiff for the purpose of closing the real estate transaction. He testified that he received a copy of the notice of forfeiture. He then called defendant's attorney, Mr. Kneafsey, and informed him that plaintiff was desirous of completing the contract. He further testified that Mr. Kneafsey replied that the property would be sold to another party and that defendant was intent on keeping the $10,000.

Mr. Kirkton, an attorney in the tract department of the Cook County Recorder of Deeds, produced certified copies of the documents which were recorded against the property from January 1, 1978, and May 1, 1978. The notice of forfeiture was not among the documents produced. Furthermore, Mr. Howard, a title examiner from Intercounty Title Company, searched the records at the recorder's office and was unable to find the notice of forfeiture recorded between January 1, 1978, and May 1, 1978. After a bench trial, judgment was entered in favor of defendant.

■ In this appeal, we must first determine whether plaintiff's default terminated the rights and obligations of the parties under the agreement. In the instant case, plaintiff's failure to timely tender performance by paying the second installment due under the terms of the agreement clearly constituted a default. However, a purchaser's default, absent a valid exercise of a seller's option to declare a forfeiture, will not extinguish the parties' duties to perform under the contract. (*Brown v. Jurczak* (1947), 397 Ill. 532, 74 N.E.2d 821.) It is not the default itself but rather the exercise of the option after purchaser's default which serves to terminate the contract. (*Lang v. Parks* (1960), 19 Ill. 2d 223, 166 N.E.2d 10.) A seller must immediately exercise his contractual remedies for default in order to terminate his obligations under the contract. (*Brown v. Jurczak* (1947), 397 Ill. 532, 74 N.E.2d 821.) Otherwise, the contract remains in effect. (*O'Malley v. Cummings* (1967), 86 Ill. App. 2d 446, 229 N.E.2d 878.) Moreover, a seller's right to declare a forfeiture might be deemed waived. (*O'Malley; Forest Preserve Real Estate Improvement Corp. v. Miller* (1942), 379 Ill. 375, 41 N.E.2d 526.) Under the foregoing authority it is clear that plaintiff's default alone did not terminate the agreement. Defendant had to properly exercise his right to forfeiture to authorize his nonperformance and entitle him to retain the payment. Therefore, we must examine whether defendant's actions were sufficient to declare a forfeiture under the contract.

When a party to an installment real estate contract attempts to

declare a forfeiture, the proper method is to follow the provisions in the contract. (*Tobin v. Alexander* (1978), 63 Ill. App. 3d 397, 380 N.E.2d 45; *Kelly v. Germania Savings & Loan Association* (1963), 28 Ill. 2d 591, 192 N.E.2d 813.) In this case, the installment agreement specified the following forfeiture procedure:

"11. In case of the failure of Purchaser to make any of the payments, or any part thereof, or perform any of Purchaser's covenants hereunder, this agreement shall, at the option of Seller, be forfeited and determined, and Purchaser shall forfeit all payments made on this agreement, and such payments shall be retained by Seller in full satisfaction and as liquidated damages by Seller sustained, and in such event Seller shall have the right to re-enter and take possession of the premises aforesaid.

12. In the event this agreement shall be declared null and void by Seller on account of any default, breach or violation by Purchaser in any of the provisions hereof, this agreement shall be null and void and be so conclusively determined by the filing by Seller of a written declaration of forfeiture hereof in the Recorder's office of said County."

It is firmly established that forfeiture provisions must be strictly and narrowly construed. (*Allabastro v. Wheaton National Bank* (1979), 77 Ill. App. 3d 359, 395 N.E.2d 1212; *Miles Homes, Inc. v. Mintjal* (1974), 17 Ill. App. 3d 642, 307 N.E.2d 724.) It is equally well established that the party seeking to enforce the forfeiture has the burden of proving that the right to forfeiture clearly and unequivocally exists and that no injustice will result in its exercise. (*Aden v. Alwardt* (1979), 76 Ill. App. 3d 54, 394 N.E.2d 716; *Parenti v. Wytmar & Co.* (1977), 49 Ill. App. 3d 860, 364 N.E.2d 909.) When a contract is one for payment of money, a purchaser will be afforded special protection against forfeiture to prevent wrong or injustice. *Miles.*

Paragraphs 11 and 12 of the instant agreement are substantially similar to provisions contained in the real estate contracts in *Tobin v. Alexander* (1978), 63 Ill. App. 3d 397, 380 N.E.2d 45, and *Hartman v. Hartman* (1971), 2 Ill. App. 3d 163, 276 N.E.2d 56. In those cases, the courts found that because the sellers therein failed to follow the procedure set forth in the contracts, their actions were insufficient to declare a forfeiture.

Our examination of the record below reveals that here, as in *Tobin* and *Hartman*, the seller failed to follow the proper procedure which the parties incorporated into their agreement. The action of filing the declaration of forfeiture with the recorder's office was a condition precedent to invoking the remedy. Although there was evidence

that the notice was recorded, it is clear that the recording took place after the sale of the property to a third party.

■ From the evidence in the record, the conclusion is inescapable that defendant did not file a notice of forfeiture in the recorder's office as provided in paragraph 12, but instead only served notice upon plaintiff's attorney. We find that the steps taken by defendant to enforce the forfeiture were insufficient. *Hartman.*

■ Finally, we must decide whether plaintiff was justified in treating defendant's actions of reselling the property as an abandonment of the agreement or an offer to rescind. Abandonment of a contract may be deduced from circumstances or from conduct which clearly evidences an abandonment thereof. The acts relied upon must be positive, unequivocal and inconsistent with the existence of the contract to constitute abandonment. *People v. Bristow* (1980), 80 Ill. App. 3d 535, 400 N.E.2d 511.

In the instant case, there was no valid exercise of seller's option to declare a forfeiture. Therefore, the agreement remained in effect when defendant undertook to resell the property. Thus, defendant manifested his intention to abandon the agreement by reselling the property while the agreement was still in effect. (*Forest Preserve Real Estate Improvement Corp. v. Miller* (1942), 379 Ill. 375, 41 N.E.2d 526.) Accordingly, we conclude that plaintiff was justified in treating defendant's actions as amounting to an offer to rescind the agreement. *Hockenbury v. Lorentz* (1976), 35 Ill. App. 3d 983, 343 N.E.2d 90.

In conclusion, plaintiff's default gave rise to defendant's right to declare a forfeiture under the terms of the agreement. However, defendant's sale of the property while the agreement remained in effect constituted an abandonment or offer to rescind the agreement. Under these circumstances, defendant could not claim a forfeiture of plaintiff's payment. Plaintiff is, therefore, entitled to recover the $10,000 paid under the agreement with interest thereon from the date of the judgment.

Because of our decision, we need not address the merits of defendant's cross-appeal.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed; cause remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.