JOANNE JONES *et al.*, Plaintiffs-Appellants, v. TIMOTHY SEIWERT *et al.*, Defendants-Appellees.

First District (4th Division) No. 86—2634

Opinion filed December 17, 1987.

Carper & Rubesh, of Chicago, for appellants.

Lawrence P. Seiwert, of Chicago, for appellees Timothy Seiwert, Kathleen Seiwert, and Helen Green-Fritz.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Joanne Jones and Edward Hansen, brought an action in the circuit court of Cook County against defendants Timothy Seiwert, Kathleen Seiwert, Helen Green-Fritz and the Schneider Realty Company. Pursuant to a real estate purchase contract, plaintiffs deposited earnest money with Schneider Realty to buy real estate owned by the Seiwerts and Green-Fritz (hereinafter sellers). The sellers subsequently declared plaintiffs to have defaulted on their contractual obli-

gations and, consequently, to have forfeited the earnest money, of which plaintiffs seek recovery. The trial court granted defendants' motion for summary judgment. Plaintiffs appeal, contending that the trial court erred in granting summary judgment for defendants.

We reverse.

The record shows that on April 28, 1985, plaintiffs and sellers signed a standard form real estate contract, whereby plaintiffs agreed to buy the sellers' home for $125,000. Pursuant to the contract, plaintiffs deposited $6,250 in earnest money with Schneider Realty, the broker. The sale was further subject to plaintiffs' obtaining a mortgage commitment, as specified in the contract, for the remaining $118,750, within 45 days, *i.e.*, by June 12, 1985. On that date, plaintiffs informed sellers by letter that they had not yet been able to obtain a mortgage commitment. Plaintiffs requested and received a 15-day extension, *i.e.*, until June 27, 1985. On that date, plaintiffs again notified sellers by letter that they had been unable to obtain a mortgage commitment. Plaintiffs requested and received a 30-day extension, *i.e.*, until July 27, 1985.

The record further shows that on July 16, 1985, plaintiffs obtained a conditional mortgage commitment from the West America Mortgage Company. The commitment was subject to several conditions, including the making of several repairs on the property. Sellers received a copy of this conditional commitment. The repairs required to obtain the mortgage commitment were not made during the second extension, *i.e.*, the extension until July 27, 1985.

On August 16, 1985, plaintiffs still had not been able to obtain financing pursuant to the contract; they requested the return of the earnest money. On September 5, 1985, sellers declared plaintiffs to be in default because (1) plaintiffs' extension expired on July 27, 1985, and (2) plaintiffs did receive the conditional mortgage commitment from West America, but they failed to satisfy all of its conditions. Sellers, therefore, directed Schneider Realty to transfer to them the earnest money. The record contains an affidavit from sellers' attorney stating that sellers made the repairs required to obtain the West America mortgage commitment in September or October 1985.

Plaintiffs brought the present action against sellers and Schneider Realty on December 10, 1985; they filed an amended complaint on March 13, 1986. On July 11, 1986, the trial court granted sellers' motion for summary judgment. Plaintiffs appeal.

■ When a plaintiff appeals from a trial court's order of summary judgment for a defendant, the only issue on appeal is whether "the pleadings, depositions, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Summary judgment is the proper procedure where only the construction and validity of a contract are at issue. *Sears Bank & Trust Co. v. Holmstad, Inc.* (1985), 132 Ill. App. 3d 229, 232, 477 N.E.2d 44, 46.

 Further, when a party to a real estate contract declares a forfeiture, a court follows the provisions in the contract. (*Bocchetta v. McCourt* (1983), 115 Ill. App. 3d 297, 299-300, 450 N.E.2d 907, 909.) As a general rule, courts do not look upon contract forfeitures with favor. (*Hockenbury v. Lorentz* (1976), 35 Ill. App. 3d 983, 985, 343 N.E.2d 90, 92.) As a result, courts must construe contract forfeiture provisions strictly and narrowly. The party seeking to enforce the forfeiture must prove that the right to forfeiture clearly and unequivocally exists and that the exercise of the right will cause no injustice. *Bocchetta v. McCourt* (1983), 115 Ill. App. 3d 297, 300, 450 N.E.2d 907, 909.

In the instant case, paragraph 3(c) of the contract provided in pertinent part:

> "(c) Mortgage Contingency. This contract is contingent upon Purchaser securing within 45 days of acceptance hereof a mortgage commitment for $118,750 ***. If Purchaser does not obtain such commitment, Purchaser shall notify Seller in writing within said number of days. If Seller is not so notified, it shall be conclusively presumed that Purchaser has secured such commitment or will purchase said property without mortgage financing. If Seller is so notified, Seller and/or Broker may, within an equal number of additional days, secure a mortgage commitment for Purchaser upon the same terms, and said commitment may be given by Seller as well as a third party. *** If Purchaser notified Seller as above provided, and neither Purchaser, Seller, nor Broker secured such commitment as above provided, this contract shall be null and void and all earnest money shall be returned to Purchaser and Seller shall not be liable for any sales commission."

The contract contained additional provisions, paragraph 5 of which provided as follows:

> "5. If this contract is terminated without Purchaser's fault, the earnest money shall be returned to Purchaser; but if the termination is caused by Purchaser's fault, then, at the option of Seller, and upon notice to Purchaser, the earnest money shall be forfeited and applied first to payment of broker's commis-

sion and any expenses incurred, and the balance paid to Seller."

The sellers argue that plaintiffs were in default because plaintiffs' extension expired on July 27, 1985, without notification of plaintiffs' inability to obtain a mortgage commitment. Thus, sellers argue, the contract allowed them to assume that plaintiffs had obtained a mortgage. Plaintiffs, therefore, did not satisfy the mortgage contingency clause due to their fault; consequently, they forfeited the earnest money.

■■ After reviewing the record, however, we conclude that plaintiffs sufficiently notified sellers of their efforts to obtain financing. The record shows that sellers were notified by letter on approximately July 16, 1985, that plaintiffs obtained the conditional mortgage commitment. This notification prevented sellers from assuming that plaintiffs obtained financing.

Sellers argue that plaintiffs were in default also because plaintiffs did receive the conditional mortgage commitment, but failed to satisfy all of its conditions. Sellers argue that plaintiffs, thus, failed to satisfy the mortgage contingency clause due to their fault and, consequently, forfeited the earnest money.

■■ ■ Where a contract contains a condition precedent, the contract is neither enforceable nor effective until the condition is performed or the contingency occurs. (*Dodson v. Nink* (1979), 72 Ill. App. 3d 59, 64, 390 N.E.2d 546, 549.) Further, "[w]here the performance of the contingency or condition is within the control of a party to the agreement, the party for whose benefit the condition precedent runs is required to use 'reasonable efforts' to have it occur." 72 Ill. App. 3d at 64, 390 N.E.2d at 549.

■■ Applying these principles to the instant case, we conclude that sellers' contention fails. The record is devoid of any facts showing that sellers used reasonable efforts to satisfy the requirements of the conditional mortgage commitment. Sellers argue that plaintiffs, and not they, had the duty to make the required repairs on the property to satisfy the conditional commitment. This argument lacks merit. The contract's mortgage contingency clause benefits sellers; if plaintiffs did not satisfy its terms, sellers could claim the earnest money. The satisfaction of the conditional mortgage commitment's requirements was within the sellers' control. Sellers, thus, cannot refuse to make the repairs and then rely on the nonperformance of the conditions to claim the earnest money.

■■ Sellers further argue that they made the required repairs to the property in September or October 1985, fulfilling the require-

ments of the conditional mortgage commitment. It was plaintiffs, therefore, who failed to obtain the mortgage commitment and defaulted on the contract. This argument is inexplicable because (1) sellers declared plaintiffs to be in default for allowing the July 27, 1985, extension to expire, when sellers did not use reasonable efforts to satisfy the conditional commitment, and (2) sellers repaired the property after they declared plaintiffs to be in default on September 5, 1985.

For the foregoing reasons, the judgment of the circuit court is reversed and this cause is remanded for proceedings not inconsistent with the opinion.

Reversed and remanded.

LINN and JIGANTI, JJ., concur.